**Richard C. WULF, and Christine Wulf, Plaintiffs-Appellees and Cross-Appellants,**

v.

**Peter TIBALDO, Defendant-Appellant and Cross-Appellee.**

No. 82CA0717.

Colorado Court of Appeals, Div. I.

April 26, 1984.

V. James Robinson, Evergreen, for plaintiffs-appellees and cross-appellants.

Philip A. Rouse, Denver, for defendant-appellant and cross-appellee.

TURSI, Judge.

Defendant, Peter Tibaldo, appeals a judgment of the trial court decreeing that an easement in his favor which runs across property owned by Richard C. and Christine Wulf, plaintiffs, is 18 feet in width. The Wulfs filed a cross-appeal also disputing the trial court's conclusion. Both parties contend that the trial court's decision was not supported by the evidence. We affirm.

The Wulfs and Tibaldo are successors-in-interest to property which was once owned jointly by the Soderberg Investment Company and the Lewis family. In 1961 and 1962, Soderberg and the Lewises divided the property. The deeds which were exchanged contained the following reservation and grant:

> "[T]ogether with the water rights and easements appurtenant to said property, and reserving to the grantors, their grantees, heirs and devisees, an access right-of-way for ingress and egress over said property as presently situated."

The right-of-way referred to is a road which runs across the property conveyed to the Lewises. The road resulted from years of use by wagons, and later by motorized vehicles. Tibaldo is the successor-in-interest to the Soderberg property. In 1978, the Wulfs purchased the Lewis property over which the right-of-way passes.

In 1980, Tibaldo sought the Wulfs' permission to widen the road running across their property. The Wulfs refused. Despite the lack of consent by the Wulfs, Tibaldo retained an excavator and had the road widened to an average of 24 feet. Thereupon, the Wulfs brought this trespass action against Tibaldo for compensatory and exemplary damages, and Tibaldo filed a counterclaim to quiet title in the easement. Trial was to the court.

At trial, the Wulfs contended that the easement measured no more than 12 feet in width. Tibaldo contended that the easement was 30 feet in width. There is no

dispute that there is a right of ingress and egress over the Wulfs' property, or to the center line of the easement.

The trial court concluded that a width of 18 feet reasonably reflects the general intent of the parties at the time the easement was granted. In light of that conclusion, the trial court found that Tibaldo committed trespass by widening the road beyond the 18-foot limit, and it assessed compensatory damages of $6,000, but denied the Wulfs' claim for exemplary damages.

Both parties' appeals are premised essentially on a contention that the evidence does not support the trial court's conclusion as to the width of the right-of-way. We find no error.

■ Where the instrument creating an easement is silent as to its width, the easement must be construed in accordance with the presumed intent of the parties at the time it was created. *Drummond v. Foster,* 107 Me. 401, 78 A. 470 (1910). *See Brown v. McDavid,* 676 P.2d 714 (Colo. App.1983). *See generally* Annot., 28 A.L. R.2d 253 (1953). Factors to be considered in ascertaining the intent of the parties are the circumstances surrounding the grant and the past behavior of the parties in regard to the right-of-way.

Sitting as trier of fact, it was within the province of the trial court to consider the credibility of the witnesses, the sufficiency and probative value of the evidence, and to draw inferences and formulate conclusions therefrom. The findings of the trial court will not be disturbed on review unless they are so clearly erroneous as to find no support in the record. C.R.C.P. 52; *American National Bank v. Quad Construction, Inc.,* 31 Colo.App. 373, 504 P.2d 1113 (1972).

■ Here, there was conflicting evidence as to the width of the easement. The trial court applied the appropriate law to the evidence it found most convincing, and stated its findings in accordance with C.R.C.P. 52(a). There is testimonial support for its finding of an easement width of 18 feet.

Therefore, we will not disturb this finding on appeal.

■ The Wulfs also contend that the trial court erred in assessing compensatory damages in the amount of $6,000, instead of $12,000 as opined by their expert witness, and in denying their claim for exemplary damages. We disagree.

■ Again, there was evidentiary support for the amount of damages awarded by the trial court as trier of fact. Therefore, we decline to disturb its award on appeal. *Hyman & Co. v. Velsicol Corp.,* 123 Colo. 563, 233 P.2d 977 (1951). In addition, based on the dispute which existed as to the width of the easement, we find no abuse of discretion on the part of the trial court in concluding that the Wulfs failed to establish a claim for exemplary damages beyond a reasonable doubt. *Leo Payne Pontiac, Inc. v. Ratliff,* 178 Colo. 361, 497 P.2d 997 (1972).

The remaining contentions of the parties are without merit.

Judgment affirmed.

PIERCE and SMITH, JJ., concur.