**Marilyn F. PICKENS, Richard K. Frevert and Corine T. Frevert, as Co–Trustees under a Revocable Living Trust, Plaintiffs–Appellees,**

v.

**Leon D. KEMPER and Mary A. Kemper, Defendants–Appellants.**

**No. 91CA2057.**

Colorado Court of Appeals, Div. I.

Jan. 28, 1993.

Harden, Schmidt, Hass, Hagg & Hallberg, V. Rodney Hallberg, Estes Park, for plaintiffs-appellees.

Meyer & Saint, Robert H. Meyer, Camilla R. Saint, Estes Park, for defendants-appellants.

Opinion by Judge NEY.

Defendants, Leon and Mary Kemper, appeal from the summary judgment in favor of plaintiffs, Marilyn Pickens and Richard and Corine Frevert, granting injunctive and declaratory relief to prevent the construction of a fence across a portion of plaintiffs' easement. We affirm.

Plaintiffs own a residence and are the successor grantees of two appurtenant easements. The first easement was made by grant to plaintiffs' predecessor in title and conveyed:

an easement for purpose of ingress and egress described as:

[a] 45 foot wide easement ... to serve the properties described in [certain prior conveyances] as an access Roadway ... [followed by a metes and bounds description].

The easement abuts the eastern boundary of plaintiffs' property. The second

grant was also made by defendants to plaintiffs' predecessor and conveyed:

> A private ingress and egress easement 25 feet in width ... to serve the properties described ... which easement is more particularly described as [metes and bounds description].

The second easement abuts and adjoins the eastern boundary of the first. The underlying servient estate is owned by defendants, and is the adjoining property immediately to the east of plaintiffs' lot.

The location of the actual traveled driveway over the easements is apparently not disputed. It meanders across and along portions of both easements but does not encompass the entire area granted for ingress and egress.

Defendants constructed a fence along the length of the eastern line of the actual roadway. While the fence does not stand upon the traveled way itself, it is within the easement.

Plaintiffs thereupon brought this action for declaratory and injunctive relief, claiming that the fence interferes with the use of the roadway and further insisting that defendants have no right to erect a fence within the easement for any purpose.

In entering summary judgment for plaintiffs, the trial court concluded that the express easements involved here were granted by clear and unambiguous instruments and that plaintiffs are thus entitled to the unobstructed use for passage over the entire area described by the grants. Further, such use is not limited to ingress and egress by the existing roadway alone. The trial court consequently entered an order mandating removal of the fence by defendants and forbidding any interference within the entire easement that would obstruct ingress and egress.

Defendants contend that summary judgment was improper because the trial court failed to conduct an evidentiary hearing in order to determine the intention of the parties to the easement grants. They concede that plaintiffs are entitled to a reasonable right of travel within the easements but argue that the intention here was to create only a reasonable and necessary way over the easements, which defendants urge cannot include the entire described easement area.

■ The easements were created through express grants by deeds. Thus, the extent of plaintiffs' right must be determined by construction of the language of the deeds. *See Skerritt Investment Co. v. City of Englewood*, 79 Colo. 645, 248 P. 6 (1926).

■ The interpretation of a deed is an issue of law, and when the language of a deed is clear and of definite import, its effect is to be resolved by the court. *Gilpin Investment Co. v. Blake*, 712 P.2d 1051 (Colo.App.1985). A deed which accurately and correctly describes the land and interest conveyed is not ambiguous and is not subject to a variant construction. *Morrissey v. Achziger*, 147 Colo. 510, 364 P.2d 187 (1961).

■ If there is no express grant or description of the width, length, and location of an easement for ingress and egress, the practical location and user of a reasonable way may be determined by the intent of the grantor, or by the use of the grantee acquiesced in by the grantor at the time of the grant, or otherwise determined as sufficient by the behavior of the parties. *Isenberg v. Woitchek*, 144 Colo. 394, 356 P.2d 904 (1960); *Wulf v. Tibaldo*, 680 P.2d 1348 (Colo.App.1984).

■ If, however, the width, length, and location of an easement for ingress and egress have been specifically and definitely set forth in the grant, the expressed terms thereof are controlling, and what is reasonable or necessary is not decisive. *Xanadu Horizontal Property Regime v. Ocean Walk Horizontal Property Regime*, 306 S.C. 170, 410 S.E.2d 580 (App.1991); *Squaw Peak Community Covenant Church v. Anozira Development, Inc.*, 149 Ariz. 409, 719 P.2d 295 (1986); *Aladdin Petroleum Corp. v. Gold Crown Properties, Inc.*, 221 Kan. 579, 561 P.2d 818 (1977).

■ Here, the deeds purport to convey easements of specified width and set forth the legal descriptions of the location of

those easements. The grants do not merely convey a right of way "over" a particular area, strip, or parcel, but plainly and unambiguously create easements of exact dimensions.

Given the unambiguous language of the instruments, the trial court properly refused to consider extraneous circumstances to vary those clear and explicit terms. *See* 25 Am.Jur.2d *Easements* § 23 (1966); *see also* Annot., 28 A.L.R.2d 253 (1953).

■ All rights expressly granted (or necessarily incident) to the use of an easement pass with it, *Smith v. Wright,* 161 Colo. 576, 424 P.2d 384 (1967), and the owner of an easement has a right of use unhampered by obstructions.

■ If an easement is claimed under an express grant, the extent of the rights granted depends upon the terms of the grant, and the width of a way may be fixed by the grant. 25 Am.Jur.2d *Easements* §§ 73 and 78 (1966). Furthermore, mere non-use of an easement (or a portion thereof) acquired by express grant, however long continued, does not work an abandonment or relinquishment of it. *See West-land Nursing Home, Inc. v. Benson* 33 Colo.App. 245, 517 P.2d 862 (1974).

■ The wording of the deeds here demonstrates that the entireties of both described strips were set aside for ingress and egress and that the grants do not merely convey a right to travel somewhere over the area. Thus, the trial court properly determined that defendants had no right to place an obstruction in the described easement area which would prevent the plaintiffs from free passage over any part of the granted right-of-way.

There being demonstrated no genuine issue of material fact, summary judgment was proper. C.R.C.P. 56.

We reject plaintiffs' request for sanctions on appeal, as we do not view the issue presented as frivolous or groundless. *See* C.A.R. 38(d).

Judgment affirmed.

DAVIDSON and BRIGGS, JJ., concur.