CHRISTINA BARHAM, a Minor, By and Through her Mother and Next Friend, Emma Barham, *et al.*, Plaintiffs-Appellants, v. ROBERT KNICK-REHM *et al.*, Defendants-Appellees.

Third District    No. 3—95—0361

Opinion filed February 14, 1996.

Gary S. Tucker (argued), of Law Offices of Gary S. Tucker, of Chicago, for appellants.

Robert W. Boyd (argued) and J. Dennis Marek, both of Ackman, Marek, Boyd & Simutis, of Kankakee, for appellee.

1036

JUSTICE HOLDRIDGE delivered the opinion of the court:

Plaintiffs, Christina Barham and her mother, Emma Barham, appeal from the dismissal of their two-count second amended complaint, which alleged in count I that Christina was injured in a swimming pool accident as a result of the negligence of the defendants, Robert and Judy Knickrehm, the owners of the pool. The sufficiency of count II, which alleged liability under a negligent entrustment theory, is not an issue on appeal.

The plaintiffs' original complaint and their first amended complaint were dismissed by the trial court for failure to state a cause of action (735 ILCS Ann. 5/2—615(a) (Michie 1993)). In response to the plaintiffs' second amended complaint, the Knickrehms again filed a motion to dismiss for failure to state a cause of action. The trial court granted the defendants' motion, finding that the complaint failed to plead facts alleging that the Knickrehms owed a duty to Christina and failed to plead facts alleging that the actions of the defendants were the proximate cause of Christina's injuries. The trial court dismissed the complaint with prejudice and the plaintiffs filed this appeal. We affirm.

## I. FACTS

Since a section 2—615 motion attacks only the legal sufficiency of the complaint on its face, we must accept as true all well-pleaded facts in the complaint and all reasonable inferences therefrom. *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1 (1992). Affirmative matters outside the face of the complaint may not be considered in ruling on a section 2—615 motion. *Curtis v. County of Cook*, 109 Ill. App. 3d 400 (1982). Taking all well-pleaded facts found within the four corners of the second amended complaint as true, the following facts are found in the record.

On July 7, 1988, 13-year-old Christina Barham was severely injured while using an aboveground swimming pool located at the rear of the defendants' residence. The swimming pool had a uniform depth of approximately $3^1/_2$ feet and a wooden deck immediately adjacent to the pool. The wooden deck allowed access to the pool at any point along approximately one-quarter of the circumference of the pool. The pool was surrounded by a pool-fence approximately $4^1/_2$ feet in height. A second fence approximately five feet tall surrounded the Knickrehms' back yard. The fence around the back yard had a gate that allowed direct access to the pool. Access to the pool was also permitted through the Knickrehms' house, which allowed access to the wooden deck. Neither of the gates that controlled access to the pool had a lock.

Although neither of the defendants was home at the time, Christina and several other minors used the swimming pool at the invitation of Dwayne Knickrehm, the defendants' minor son. The children entered the pool area through the Knickrehms' home. The defendants had instructed Dwayne not to allow children to use the pool while the defendants were not at home, but he failed to follow those instructions. Christina was injured when she struck her head or her neck, somehow fracturing her spine and leaving her a quadriplegic.

## II. ANALYSIS

On review of the dismissal of an action under section 2—615 of the Code of Civil Procedure, the reviewing court applies the same standards with respect to the pleadings as the court below that initially heard the motion, *i.e.,* we review the complaint *de novo. Mt. Zion State Bank & Trust Co. v. Consolidated Communications, Inc.,* 169 Ill. 2d 110 (1995); *Ross v. City of Chicago,* 168 Ill. App. 3d 83, 86 (1988).

The rules governing motions to dismiss complaints are well settled. The court must determine the legal sufficiency of a complaint, taking as true all well-pleaded facts and the inferences to be drawn from those facts. Pleadings are to be liberally construed (735 ILCS Ann. 5/2—603(c) (Michie 1993)), and a pleader is not required to set out his evidence, but only the ultimate facts to be proved. A pleading may not be dismissed unless it clearly appears that no set of facts can be proved that will entitle the plaintiffs to recover. *Burdinie v. Village of Glendale Heights,* 139 Ill. 2d 501 (1990). A complaint, however, is insufficient if it states mere conclusions, whether of fact or law (*McCauley v. Chicago Board of Education,* 66 Ill. App. 3d 676 (1978)), and a complaint must minimally allege facts sufficient to set forth the essential elements of the cause of action. *Woodill v. Parke Davis & Co.,* 58 Ill. App. 3d 349 (1978), *aff'd and remanded,* 79 Ill. 2d 26 (1980).

Applying these well-settled standards to the matter *sub judice,* we conclude that the trial judge properly determined that the plaintiffs had failed to allege facts that would support a finding that the actions of the Knickrehms proximately caused Christina's injuries.

Count I of the second amended complaint attempts to state a cause of action for negligence. To properly state such a cause, a plaintiff must plead that the defendant owed a duty of care to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries. *Thompson v.*

*County of Cook*, 154 Ill. 2d 374 (1993); *Wojdyla v. City of Park Ridge*, 148 Ill. 2d 417, 421 (1992).

In the matter *sub judice*, the trial court held that the plaintiffs' second amended complaint was deficient in two respects. First, the complaint failed to allege facts to support an allegation that the Knickrehms owed a duty of care to Christina, and second, the complaint failed to allege that the actions or inactions of the Knickrehms were the proximate cause of her injuries. We hold that the trial court was correct in both findings.

■ We find that the plaintiffs have failed to allege sufficient facts to establish that the Knickrehms owed a duty to Christina. Whether a defendant has a duty for purposes of negligence analysis is a question of law for the court. *Scarano v. Town of Ela*, 166 Ill. App. 3d 184 (1988). The law in Illinois on the duty owed by landowners to minors is abundantly clear. Landowners generally do not have a duty to protect children on their premises from dangers that are open and obvious, such as the dangers of fire, water and falling from a height. *Corcoran v. Village of Libertyville*, 73 Ill. 2d 316, 325-27 (1978). Because children are expected to comprehend and avoid obvious dangers, no reasonably foreseeable risk of harm exists, and thus no duty arises. *Cope v. Doe*, 102 Ill. 2d 278, 286 (1984). A homeowner's aboveground swimming pool presents an open and obvious danger as a matter of law. *Englund v. Englund*, 246 Ill. App. 3d 468, 477 (1993).

■ Even though the Knickrehms' aboveground swimming pool presented an open and obvious danger, a duty may nonetheless be imposed if they knew or should have known "that children frequent the premises *and* if the cause of the child's injury was a *dangerous* condition on the premises." (Emphasis in original.) *Corcoran*, 73 Ill. 2d at 326. A dangerous condition is "one which is likely to cause injury to children generally who, by reason of their age and immaturity, would not be expected to comprehend and avoid the attendant risks. In such an instance, there is a duty to remedy the condition." *Mt. Zion*, 169 Ill. 2d at 120.

■ The plaintiffs cite this court's recent decision in *Henson v. Ziegler*, 269 Ill. App. 3d 439 (1995), to support their contention that the second amended complaint sufficiently alleged the existence of a duty. Their reliance upon *Henson*, however, is misplaced. In *Henson*, this court held that, by reason of age, immaturity and an inability to comprehend the risk, an aboveground swimming pool cannot be considered an obvious danger to six-year-old children. *Henson*, 269 Ill. App. 3d at 442. We will not hold that, as a matter of law, 13-year-old children are equally unable to perceive the attendant risks of aboveground swimming pools. See *Cozzi v. North Palos Elementary*

*School District No. 117*, 232 Ill. App. 3d 379, 383 (1992) (where the court noted that an 11-year-old was more able to perceive the risk of falling off a jungle gym than a six-year-old).

The second amended complaint fails to state any facts to support the necessary allegation that 13-year-old Christina, by reason of her age, immaturity or inability to comprehend, could not be expected to comprehend and avoid the risks attendant to jumping into an aboveground swimming pool. We therefore hold that the plaintiffs have failed to allege facts to establish that the Knickrehms owed any duty to Christina.

■ We also agree with the trial court's finding that the second amended complaint fails to allege facts supporting an allegation that the actions of the Knickrehms were the proximate cause of Christina's injuries. Proximate cause "is one which produces the injury through a natural and continuous sequence of events unbroken by any effective intervening cause." *Novander v. City of Morris*, 181 Ill. App. 3d 1076, 1078 (1989). To establish proximate cause, a "plaintiff must demonstrate with reasonable certainty that defendant's negligent acts caused his injuries." *Johanek v. Ringsby Truck Lines, Inc.*, 157 Ill. App. 3d 140 (1987). Proximate cause generally is a question of fact, but "where the facts alleged indicate that a party would never be entitled to recover" (*Mohrdieck v. Village of Morton Grove*, 94 Ill. App. 3d 1021, 1023 (1981)), proximate cause "can *** become a question of law" (*Johanek*, 157 Ill. App. 3d at 152).

The second amended complaint alleges, in a purely conclusory manner, several actions the plaintiffs believe establish proximate cause:

"16. The proximate cause of Christina's injuries were [*sic*] one or more of the following acts or omissions to act by the Knickrehms[ ] :

a) Failing to place a locking devise [*sic*] on the access gate to the pool and/or the rear yard gate, though knowing Dwayne notwithstanding their prior instructions not to allow children to use the pool, had previously allowed others, including Christina, access to the pool when Knickrehm's [*sic*] were not at home;

b) Failing to supervise or provide reasonable supervision for the children while utilizing the subject pool;

c) Failing to preclude children from utilizing the swimming pool, knowing Knickrehm would not be home to monitor or supervise the children;

d) Failure to place a padded surface on the edges of the wooden decking adjacent to the area of water in the pool and/or

e) Failure to lock the access gate(s) to the subject pool."

Elsewhere in the pleadings plaintiffs allege that Christina and the other children engaged in "horseplay" around and in the swim-

ming pool. Notably missing, however, is an allegation that any one of the alleged negligent acts or omissions produced Christina's injuries through a natural and continuous sequence of events unbroken by any effective intervening cause. *Novander*, 181 Ill. App. 3d 1076; *Johanek*, 157 Ill. App. 3d 140.

The second amended complaint is particularly deficient in alleging proximate causation as it fails to allege facts explaining how Christina's injuries actually occurred. Considering only the well-pleaded facts, the plaintiffs only allege that Christina was somehow injured in the Knickrehms' pool. The basis for liability in a negligence action cannot be the mere fact of injury. *Teter v. Clemens*, 112 Ill. 2d 252 (1986).

In paragraph 15 of the second amended complaint, plaintiffs allege that Christina "jumped off the wooden decking towards the bottom of the pool striking her head and/or neck on the side of the wooden pool decking and/or the bottom and/or side of the pool, thereby fracturing her spinal column and becoming paralysed to the extent of becoming a quadriplegic." The pleadings do not indicate whether Christina jumped head first, feet first, sideways or backwards into the pool. Without some factual allegations to show how the injury occurred, any statements as to causation could be nothing more than speculation and conjecture. It is well settled that liability cannot be predicated upon surmise or conjecture as to the cause of the injury. *Kimbrough v. Jewel Cos.*, 92 Ill. App. 3d 813 (1981).

We also note that subparagraphs (a), (c) and (e) each allege that the Knickrehms' failure to prevent Christina's access to the pool was the proximate cause of her injuries. Yet, as we have previously determined, the Knickrehms owed no duty to Christina to protect her from the open and obvious dangers of their aboveground swimming pool. While the elements of proximate cause and duty are separate, it is sometimes difficult to separate the two concepts, as foreseeability is a determining factor in each. *Cannon v. Commonwealth Edison Co.*, 250 Ill. App. 3d 379, 384 (1993). Since the Knickrehms had no duty to prevent Christina's access to the pool, their failure to prevent her access to the pool simply cannot be the proximate cause of Christina's injuries.

## III. CONCLUSION

Plaintiffs' second amended complaint fails to state a cause of action for negligence. The trial court's dismissal of the complaint was proper. We therefore affirm the order of the circuit court of Kankakee

County dismissing the plaintiffs' second amended complaint with prejudice.

Affirmed.

BRESLIN, P.J., and McCUSKEY, J., concur.