**Njal SCHOLD and Jane Schold,**
**Plaintiffs–Appellees,**

v.

**William SAWYER and Mary Sawyer,**
**Defendants–Appellants.**

**No. 96CA1374.**

Colorado Court of Appeals,
Div. III.

Aug. 21, 1997.

Greenberg & Malick, Lawrence C. Malick, Durango, for Plaintiffs–Appellees.

Ted C. Wright, Durango, for Defendants–Appellants.

Opinion by Chief Judge STERNBERG.

Defendants, William and Mary Sawyer, appeal from a summary judgment entered in favor of plaintiffs, Njal and Jane Schold, on plaintiffs' claim for injunctive relief related to an easement across defendants' property. We agree with defendants that the trial court improperly applied the standards for summary judgment, and we reverse and remand for further proceedings.

In 1994, a subdivision was created, dividing a parcel of land into two residential lots, one of which is owned by plaintiffs and the other by defendants. Pursuant to an express grant in the subdivision plat, plaintiffs hold a 40–foot–wide right-of-way easement across defendants' property. On the easement is a driveway which is the sole access route from a public road to plaintiffs' property. Shortly after purchasing the burdened lot, defendants erected fence gates and installed cattle guards at both ends of the driveway.

Plaintiffs sought an injunction to compel defendants to remove the cattle guards and fence gates, characterizing the installations as obstructions which interfered with their rights to use of the easement. The trial court granted summary judgment and ordered defendants to remove the obstructions. This appeal followed.

Defendants contend on appeal that the trial court did not apply the correct standards for granting summary judgment, and that their use of the burdened land was reasonable as a matter of law. Specifically, they argue that the trial court's findings were not supported by undisputed facts in the record, and that the court failed to give reasonable inferences to defendants as the nonmoving party. We agree that the trial court improperly granted the motion for summary judgment.

Summary judgment is a drastic remedy to be granted only upon a clear showing that there is no genuine issue as to any material fact and a determination that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Jones v. Dressel,* 623 P.2d 370 (Colo.1981). The moving party has the burden of proving that no genuine issue of material fact exists. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

The material allegations of the nonmoving party's pleadings must be accepted as true, and the nonmoving party is entitled to all favorable inferences that reasonably may be drawn from the evidence, unless the file and the affidavits accompanying the motion clearly disclose that there is no genuine issue of a material fact. All doubts as to the existence of a material fact must be resolved against the moving party. *Kaiser Foundation Health Plan v. Sharp,* 741 P.2d 714 (Colo. 1987).

Here, it was undisputed that the easement existed, that it had certain boundaries, and that defendants had installed the gates and cattle guards on the easement. However, the parties disagreed as to whether the installation of gates and cattle guards unreasonably interfered with plaintiffs' use of the easement. As a basis for its decision to grant summary judgment, the trial court made findings regarding the intent of the parties and made conclusions based on those findings. The court stated that one factor it considered was the "intention of the parties given the circumstances surrounding the grant," and noted that, at the time of the grant, cattle guards and fences were not contemplated.

The issue of intent is generally a question of fact which can only rarely be resolved by means of a summary judgment. *James H. Moore & Associates Realty, Inc. v. Arrowhead at Vail,* 892 P.2d 367 (Colo.App. 1994). Also, the trial court should not have assessed the weight of the evidence on sum-

mary judgment; that process is appropriate only after an evidentiary hearing. *See Kaiser Foundation Health Plan of Colorado v. Sharp, supra.* The fact that the disputed installations were not contemplated at the time of the grant does not necessarily mean they were prohibited.

If a right-of-way is granted without a reservation of the right to maintain gates, the servient estate owner is not necessarily precluded from installing gates, including cattle guards, unless such gates are expressly prohibited in the grant or unless a prohibition is implied from the circumstances. The servient owner may maintain gates across the way if necessary for the use of the servient estate and if the gates do not unreasonably interfere with the right of passage. *Fortner v. Eldorado Springs Resort Co.,* 76 Colo. 106, 230 P. 386 (1924); *see generally* Annot., *Fence or Gate Across Right of Way,* 52 A.L.R.3d 9 at § 3 (1973).

"When an easement exists, so does a dichotomy of interests which must be respected and, as nearly as possible, kept in balance." *Lazy Dog Ranch v. Telluray Ranch Corp.,* 923 P.2d 313, 316 (Colo.App. 1996).

In regard to that balance, the owner of land subject to a right-of-way may use the way for any lawful purpose, provided such use does not interfere with the right of passage resting in the owner of the easement. *Lazy Dog Ranch v. Telluray Ranch Corp., supra.* Also, ordinarily, what may be considered a proper use by the servient owner is a question of fact. *See United States v. O'Block,* 788 F.2d 1433 (10th Cir.1986).

In entering summary judgment, the trial court relied on the holding in *Pickens v. Kemper,* 847 P.2d 648 (Colo.App.1993). In *Pickens,* the trial court had granted a summary judgment preventing owners of a servient estate from placing a fence in the described area of an easement for ingress and egress. In upholding the summary judgment, the division approved the trial court's determination that the owners of the servient

estate "had no right to place an obstruction in the described area which would prevent the plaintiffs from free passage over any part of the granted right of way." In our view, this language is unnecessarily broad.

In *Pickens,* the only issue before the court was the determination of the width, length, and location of an easement; thus, the question was one of law to be resolved by interpretation of the language of the grant. Here, however, there is no dispute as to the boundaries of the easement, but other issues are present, including the question of what constitutes unreasonable interference with the use of the easement. Therefore, extrinsic evidence may be received. The question of reasonableness, by definition, involves factual determinations.

The necessity for the gates and fences and the reasonableness of interference with the right of passage presented genuine issues of fact. Hence, plaintiffs were not entitled to judgment as a matter of law; instead, the issues should be resolved only after the parties have an opportunity to present evidence regarding the need for and the reasonableness of the installation of the gates and cattle guards.

The judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

CASEBOLT and KIRSHBAUM*, JJ., concur.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).