Gary A. WEISBART, Plaintiff–Appellant,

v.

AGRI TECH, INC., a dissolved Colorado corporation; Morgan County Feeders, Inc., a dissolved Colorado corporation; Steven Polevoy; and Stuart Polevoy, Defendants–Appellees.

No. 00CA0594.

Colorado Court of Appeals, Div. I.

March 1, 2001.

Rehearing Denied March 29, 2001.

Isaacson, Rosenbaum, Woods & Levy, P.C., Edward T. Ramey, Denver, CO, for Plaintiff–Appellant.

No Appearance, for Defendants–Appellees Agri Tech, Inc. and Morgan County Feeders, Inc.

Arnold, Ross & Singer, LLP, Michael K. Singer, Sterling, CO, Hellring Lindeman Goldstein & Seigal, LLP, Robert B. Rosen, Newark, NJ, for Defendants–Appellees Steven Polevoy and Stuart Polevoy.

Opinion by Judge DAILEY.

Plaintiff, Gary A. Weisbart, appeals the judgment dismissing his action for indemnification against defendants Agri Tech, Inc. ("Agri Tech"), Morgan County Feeders, Inc. ("Morgan County Feeders"), and Steven and Stuart Polevoy ("the Polevoys"). We reverse and remand the cause with directions.

Plaintiff was a director and officer of, and a shareholder in, defendants Agri Tech and Morgan County Feeders, two now dissolved corporations. Defendants Polevoys were shareholders in the two corporations, who, upon liquidation of the corporations, received a substantial amount of the corporate assets.

Plaintiff instituted the present action against the defendants, seeking indemnity under Colorado statutes and Agri Tech's articles of incorporation for liability and expenses he incurred in another lawsuit in which he, Agri Tech, Morgan County Feeders, and others were sued by the Grynberg family in connection with a cattle investment program.

In that other lawsuit, a jury had found plaintiff, Agri Tech, and others (but not Morgan County Feeders) liable in negligence to the Grynbergs. On appeal, however, it was determined that, under the circumstances, none of the persons or entities sued by the Grynbergs could be held liable in negligence. The matter was remanded to the trial court to reconsider the parties' motions for attorney fees and costs. *Grynberg v. Agri Tech, Inc.*, 985 P.2d 59 (Colo.App.1999), *aff'd*, 10 P.3d 1267 (Colo.2000).

Consequently, at this point, plaintiff is potentially responsible for paying his and/or others' attorney fees and costs in the Grynberg case.

The trial court dismissed plaintiff's complaint in the present action, after: (1) indicating that it was, in essence, turning defendants' motion to dismiss into a motion for summary judgment; and (2) reviewing the amended complaint, verdict forms, an instruction, and a few trial rulings in the Gryn-

berg case. The trial court concluded that, as a matter of law, plaintiff had neither been sued nor originally held liable in the Grynberg case for actions undertaken in his capacity as a director or officer of Agri Tech and Morgan County Feeders.

On appeal, plaintiff argues that the trial court incorrectly applied the legal standards for assessing either C.R.C.P. 12(b)(5) motions to dismiss or C.R.C.P. 56 motions for summary judgment. Ultimately, he argues that the trial court misapplied both law and fact in ruling, at this stage of the case, that he was not eligible to proceed on a claim for indemnification. We agree.

### I. Standards of Review

■ "In evaluating a Rule 12(b)(5) motion, courts may consider 'only those matters stated in the complaint.'" *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 665 (Colo.1999)(quoting *Abts v. Board of Education*, 622 P.2d 518, 522 (Colo.1980)). However, C.R.C.P. 12(b) provides that, "If, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

■ Here, plaintiff has not claimed he was afforded an inadequate opportunity to discover materials or otherwise respond to the materials defendants provided from the Grynberg case. Consequently, the trial court did not err in considering those extraneous materials and treating defendants' motion as a motion for summary judgment. *See Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988).

That is not, however, to say that we agree with the effect that the trial court gave to those materials.

We review *de novo* a summary judgment, *Vail/Arrowhead, Inc. v. District Court*, 954 P.2d 608 (Colo.1998), recognizing that it is appropriate only where there are no disputed issues of material fact and the moving party

is entitled to judgment as a matter of law. *Compass Insurance Co. v. City of Littleton*, 984 P.2d 606 (Colo.1999).

■ In analyzing a summary judgment motion, we view all facts in the light most favorable to the nonmoving party, *see Redmond v. Chains, Inc.*, 996 P.2d 759 (Colo. App.2000); we give the nonmoving party the benefit of all favorable inferences that may reasonably be drawn from the evidence; and we resolve all doubts as to the existence of a material fact against the moving party. *Schold v. Sawyer*, 944 P.2d 683 (Colo.App. 1997).

■ Whether a fact is or is not material depends, in part, upon the substantive legal basis for a claim. Here, plaintiff's indemnification claim is based on Colorado statutes.

### II. Colorado Corporate Indemnification Statutes

The Colorado Business Corporation Act, § 7–101–101, et. seq., C.R.S.2000, includes provisions regarding both permissive and mandatory indemnification for corporate directors and officers. *See Waskel v. Guaranty National Corp.*, 23 P.3d 1214 (Colo.App. 2000).

Under certain circumstances a corporation may, and under other circumstances it must (unless limited by its articles of incorporation), indemnify a person who was made a party to a proceeding "because the person is or was a director." Sections 7–109–102 & 7–109–103, C.R.S.2000. Furthermore, unless otherwise provided in the articles of incorporation, a corporation similarly may or must indemnify an officer to "the same extent as a director." Sections 7–109–107(1)(a) & 7–109–107(1)(b), C.R.S.2000.

Unless otherwise provided in the articles of incorporation, a director or officer of a corporation may apply to a court for an order of indemnification, either because indemnification is required or because the director or officer "is fairly and reasonably entitled to indemnification in view of all the relevant circumstances." Sections 7–109–105 & 7–109–107, C.R.S.2000.

Agri Tech's articles of incorporation expressly obligated it, under the circumstances enumerated in the permissive indemnification statute, § 7–109–102, to indemnify a person "who was or is a party" to a proceeding "by reason of the fact that he is or was a director, officer, employee, or agent of the Corporation or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture."

Morgan County Feeders' articles of incorporation were silent on the issue of indemnification.

The trial court found, as a matter of law, that plaintiff was not eligible for indemnification since he had not been sued by the Grynbergs "because" or "by reason of the fact that" he "is or was" a director or officer of Agri Tech or Morgan County Feeders. The court reasoned that plaintiff "was sued, and the jury found him liable, because he was acting on behalf of [another entity], not on behalf of Agri Tech and certainly not on behalf of Morgan County Feeders."

### III. "Because" or "By Reason of the Fact That"

■ The interpretation of statutes and written documents presents a question of law subject to *de novo* review. *Ryals v. St. Mary–Corwin Regional Medical Center*, 10 P.3d 654 (Colo.2000)(statute); *In re Trusts Created by Ferguson*, 929 P.2d 33 (Colo.App.1996)(documents).

■ In interpreting §§ 7–109–102, 7–109–103, and 7–109–107, and Agri Tech's articles of incorporation, our task is to ascertain and give effect to the intent of, on the one hand, the General Assembly, and, on the other hand, the corporation and its shareholders. *See State v. Nieto*, 993 P.2d 493 (Colo.2000)(statute); *Waskel v. Guaranty National Corp.*, *supra* (articles of incorporation).

The terms "because" and "by reason of the fact that" have the same meaning. *See Webster's Third New International Dictionary* 194 (1986)(defining "because" as "for the reason that"). *See also* 1 *Model Business Corporation Act Annotated* § 5 (1971)(using phrase "by reason of the fact"); 2 *Model Business Corporation Act Annotated* §§ 8.51(a) & 8.52 (3d ed. 1998/1999 Supp.) (substituting the word "because" for the phrase "by reason of the fact that").

At issue here is whether these terms are qualified in some manner, and, if so, in what way. In other words, does the right to seek indemnity depend upon whether the person was made a party to a proceeding "solely," "primarily," "in significant part," or "in any part," because he or she may have been a director or officer?

■ Like Agri Tech's articles of incorporation, the statutes are silent with respect to this question. Because, in our view, the statutes here are capable of bearing more than one reasonable construction, we may consider matters beyond the text of the statutes to ascertain the intent of the General Assembly. *See State v. Nieto, supra.* We may, for instance, consider the object sought to be attained by the statutes. Section 2–4–203(1)(a), C.R.S.2000.

Indemnification statutes "encourage capable and responsible individuals to accept positions in corporate management, secure in the knowledge that expenses incurred by them in upholding their duties will be borne by the corporation." 13 W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 6045.10 at 379 (rev.perm. ed.1995). "Today, when both the volume and the cost of litigation have increased dramatically, it would be difficult to persuade responsible persons to serve as directors if they were compelled to bear personally the cost of vindicating the propriety of their conduct in every instance in which it might be challenged." 2 *Model Business Corporation Act Annotated*, § 8.50 comment at 8–280 (3d ed. 1997 Supp.).

In light of this purpose, courts have construed the terms "because" or "by reason of the fact that" in an expansive, rather than restrictive, fashion. The Third Circuit Court of Appeals recognized that, under a statute linking indemnity to one's having been sued "by reason of the fact that" he was a director of a corporation, the state of Delaware had "chosen to provide broad statutory indemnifi-

cation protections in situations where a corporate officer or director ... defends against claims of personal liability that *arise from or have a nexus to* his corporate position." *Witco Corp. v. Beekhuis,* 38 F.3d 682, 692 (3d Cir.1994)(emphasis added).

The Seventh Circuit Court of Appeals has discussed the type of "nexus" required under the Delaware statute and rejected the claim, much like the one made by defendants in this case, that a director or officer must be sued for a breach of duty to the corporation or for a wrong committed on behalf of the corporation to be entitled to indemnification. Instead, the court determined that the claim in the underlying action must simply be "connected" to the plaintiff's "status" as director or officer. The court reasoned that "Delaware's 'by reason of the fact that' phrase is broad enough to encompass suits against a director in his official capacity as well as suits against a director that arise more tangentially from his role, position, or status as a director." *Heffernan v. Pacific Dunlop GNB Corp.,* 965 F.2d 369, 375 (7th Cir.1992).

Consequently, in *Heffernan* the plaintiff was allowed to seek indemnity where he "may have been sued, *at least in part,* because he was a director." *Heffernan v. Pacific Dunlop GNB Corp., supra,* 965 F.2d at 372 (emphasis added). The court acknowledged that

> because [plaintiff] wore three hats—director, shareholder and investment banker—his director status may not be the *only* reason that he was sued by Pacific. But at this stage of this litigation, we cannot, as a matter of law, rule out the fact that it may have been *one* reason.

*Heffernan v. Pacific Dunlop GNB Corp., supra,* 965 F.2d at 375 (emphases in original). *Cf.* § 7–109–102(1)(b)(II), C.R.S.2000 (permitting indemnification even for conduct undertaken in an unofficial corporate capacity, as long as such conduct was not opposed to the corporation's best interests).

■ Finding these authorities persuasive, we now hold that directors qualify for corporate indemnification under §§ 7–109–102 and 7–109–103, and officers under § 7–109–107, if they were sued at least in part because they are or were directors or officers of a corporation.

## IV. Application of "Because" or "By the Reason of the Fact That"

■ Whether a person has been sued in part because, or by reason of the fact that, he or she is or was a director or officer of a corporation is determined by looking at the substance of the allegations and the nature and context of the transaction giving rise to the complaint in the underlying action. *See Heffernan v. Pacific Dunlop GNB Corp., supra.*

■ Also, whether a person has been sued in part because he or she is a director or officer of a corporation is not determined by the basis on which he or she may ultimately be adjudged liable in an action. *See* § 7–109–102(1)(b)(II), C.R.S.2000; *United States v. Lowe,* 29 F.3d 1005, 1010 (5th Cir. 1994)(if "officers or directors were not subject to personal liability for acts or omissions arising out of their corporate positions, there would be little reason for the indemnity clause.").

■ Here, in the underlying action, the Grynbergs alleged that: 1) "At all times material hereto, [plaintiff] has been an owner, officer, director, employee and/or shareholder of the Defendants Agri Tech, Morgan Feeders and possibly other affiliated entities"; 2) plaintiff and all other named defendants were "engaged in various aspects of a common scheme involving a commercial cattle feeding operation under the direction and control of Simon Chilewich and his various affiliated entities"; 3) the "common, commercial cattle feeding scheme was represented to be and was conducted in the name of 'the Chilewich Organization'"; and 4) plaintiff "represented that he was working for and on behalf of Agri Tech and the Chilewich Organization."

The Grynbergs also alleged that: 5) investments in the Chilewich Organization, through Agri Tech, or other affiliates and entities were solicited; 6) plaintiff solicited significant investments from the Grynbergs by representing that the Chilewich Organization would do certain things, through Agri Tech;

7) plaintiff represented that "the books, records and all basic data and information of the Chilewich Organization, including Agri Tech and any sister or affiliated companies," would be available to the Grynbergs to review; and 8) plaintiff fraudulently induced the Grynbergs to sign a document limiting Agri Tech's liability to them.

Furthermore, the Grynbergs alleged that: 9) plaintiff and two other individuals "performed the acts and omissions complained of herein within the course and scope of their positions as agents for the Chilewich Organization and the other Defendants," and as such, all corporate defendants were legally responsible for the acts and omissions of the three individuals.

The trial court dismissed plaintiff's request for indemnification, apparently reasoning that Grynberg had not sued plaintiff solely or primarily because of plaintiff's corporate acts or status. However, as pointed out above, this is not the correct legal standard upon which to evaluate Grynberg's allegations and the Grynberg lawsuit.

Contrary to the trial court's determination, we conclude that Grynberg's allegations do not preclude plaintiff's claim for indemnity from Agri Tech, Morgan County Feeders, and/or their shareholders.

Grynberg's allegations concerning plaintiff's positions with Agri Tech, plaintiff's representation to be working in part on behalf of Agri Tech, Agri Tech's extensive involvement in the cattle operation, and the corporations' liability for the acts of the individuals support the conclusion that plaintiff's corporate position with—and even acts on behalf of—Agri Tech played a substantial role in causing plaintiff to be named as a party to the proceeding. That plaintiff was alleged to have been serving several masters does not detract from the fact that he was also alleged to be serving and acting on behalf of Agri Tech.

Grynberg's allegations concerning plaintiff's positions with Morgan County Feeders, an alleged affiliate of the Chilewich Organization, plaintiff's promise to make available records from "affiliated companies," and the corporations' (including Morgan County Feeders') liability for plaintiff's acts, support

the conclusion that plaintiff was also sued in part because he was an officer or director of Morgan County Feeders.

The instruction, jury verdict, and trial court rulings in the Grynberg case do not compel a different conclusion. Initially, we note that these materials are too selective for us to determine with any degree of confidence the reason or reasons why Grynberg sued plaintiff. More importantly, as we indicated earlier, the basis upon which liability is ultimately assessed is not dispositive of the critical inquiry mandated by our statute, i.e., why was the person initially named in the lawsuit?

For these reasons, we disagree with the trial court's conclusion that plaintiff did not qualify for indemnification from Agri Tech, Morgan County Feeders, and/or the Polevoys. Consequently, we reverse the trial court's judgment dismissing the action, and we remand the cause for further proceedings.

On remand, the trial court is to determine: (1) whether plaintiff has satisfied the other conditions for indemnification under §§ 7–109–102, 7–109–103, 7–109–105, or 7–109–107; (2) if so, the extent to which plaintiff should be indemnified for his or others' attorney fees and costs; and (3) whether, and in what manner, any indemnity liability ought to be apportioned among Agri Tech, Morgan County Feeders, and/or the Polevoys. In its discretion, the court may receive additional evidence bearing on these issues.

Accordingly, the judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

METZGER and VOGT, JJ., concur.