**James P. VIGIL, as Conservator for James R. Vigil, Plaintiff–Appellant,**

v.

**William FRANKLIN, Gladys Franklin, and Will Franklin, Defendants–Appellees.**

No. 01CA2172.

Colorado Court of Appeals, Div. IV.

May 22, 2003.

Certiorari Granted Jan. 12, 2004.

Buchanan, Jurdem & Zulauf, P.C., Ross B.H. Buchanan, Denver, Colorado; Anderson, Hemmat & Levine, L.L.C., Jordan S. Levine, Denver, Colorado, for Plaintiff–Appellant.

Levy, Morse & Wheeler, P.C., Karen H. Wheeler, Brian J. Waters, Englewood, Colorado, for Defendants–Appellees.

Opinion by Judge DAILEY.

In this negligence action, plaintiff, James R. Vigil, appeals the summary judgment entered in favor of defendants, William Franklin, Gladys Franklin, and Will Franklin. We affirm.

Plaintiff, a 28–year–old, mildly retarded person, was obtaining job-training skills from an organization that defendants employed to clean up their property. After finishing work one day, the 5′11″ plaintiff jumped up onto defendants' 4′ high, aboveground pool, dove into the water, and hit his head on the bottom of the pool. He suffered a spinal injury that left him a quadriplegic.

Plaintiff filed the present action, alleging, as pertinent here, that defendants were liable under the premises liability statute, § 13–21–115, C.R.S.2002, because they unreasonably failed to warn him of the dangers of diving into their pool.

Defendants moved for summary judgment, asserting: (1) they owed no duty to warn because plaintiff was a trespasser on the property; (2) even if plaintiff were not a trespasser, they had no duty to warn him of an open and obvious danger associated with diving into shallow water; (3) even if the danger were not open and obvious, they complied with the premises liability statute by providing adequate warnings of the danger; and (4) in any event, they could not be held liable under comparative negligence principles because, as a matter of law, plaintiff's own recklessness made him more responsible than defendants for the injury.

In response to defendants' motion, plaintiff asserted: (1) a material issue of fact existed as to whether he was a trespasser, because he was a member of the work crew and some witnesses related that defendants had given crew members permission to use the pool; (2) the premises liability statute does not permit landowners to avoid liability for failing to warn of open and obvious dangers,

and, even if it did, a material issue of fact existed as to whether the danger of diving into shallow, and perhaps murky, water was open and obvious; (3) a material issue of fact existed as to whether the number, size, and placement of defendants' signs on the pool provided plaintiff adequate warning of the danger; and (4) the relative responsibility of plaintiff and defendants for the accident was a question of fact for the jury to determine.

The trial court found the following facts undisputed:

1. At the time and on the date of the Plaintiff's injury, Defendants [ ] had not given consent or permission for the Plaintiff or anyone else he was with to enter their swimming pool.

2. There were some signs in place warning of the dangers of diving into the swimming pool.

3. The existence of the swimming pool and the nature of its structure were obvious, that is, it was beyond doubt that the structure was a swimming pool, that some of the pool extended above ground level, and that the Plaintiff was taller than that portion of the pool which was above ground.

4. The Plaintiff did not know the depth of the swimming pool when he dived in.

Based on these facts, "the briefs, the arguments, and the authorities cited by [defendants]," the trial court determined that defendants were entitled to judgment as a matter of law and accordingly entered summary judgment in their favor.

Because the trial court did not identify the precise grounds upon which it granted summary judgment, plaintiff on appeal challenges all of defendants' bases for requesting summary judgment.

*I. Governing Law*

We review de novo a trial court's order granting summary judgment. *Pierson v. Black Canyon Aggregates, Inc.*, 48 P.3d 1215, 1218 (Colo.2002).

Summary judgment is appropriate when the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* C.R.C.P. 56(c).

In assessing a summary judgment ruling, we view all facts in the light most favorable to the nonmoving party, *see Redmond v. Chains, Inc.*, 996 P.2d 759, 762 (Colo.App. 2000), give the nonmoving party the benefit of all favorable inferences that may reasonably be drawn from the evidence, and resolve all doubts as to the existence of a material fact against the moving party. *Schold v. Sawyer*, 944 P.2d 683, 684 (Colo.App.1997).

Whether a fact is material depends, in part, upon the substantive legal basis for a claim. *Weisbart v. Agri Tech, Inc.*, 22 P.3d 954, 956 (Colo.App.2001).

■ The premises liability statute "provides the exclusive remedy against a landowner for injuries sustained on the landowner's property." *Henderson v. Master Klean Janitorial, Inc.*, 70 P.3d 612, 613 (Colo.App. No. 02CA0637, Apr. 10, 2003).

Under that statute, a landowner's duty to others depends upon whether they qualify as invitees, licensees, or trespassers on the property. Section 13–21–115(2)–(3), C.R.S. 2002.

An invitee is a person who enters or remains on the land of another to transact business in which the parties are mutually interested; a licensee is a person who enters or remains on the property, with the landowner's consent, for the person's own convenience or to advance his or her own interests; and a trespasser is a person who enters or remains on land without the landowner's consent. Section 13–21–115(5), C.R.S.2002.

■ "The highest standard of care is owed the 'invitee,' a lesser is owed the 'licensee,' and a yet lesser is owed the trespasser." *Maes v. Lakeview Associates, Ltd.*, 892 P.2d 375, 377 (Colo.App.1994), *aff'd*, 907 P.2d 580 (Colo.1995).

As pertinent here, an invitee "may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which he [or she] actually knew or should have known." Section 13–21–115(3)(c)(I), C.R.S.2002; *see*

*also Springer v. City & County of Denver,* 13 P.3d 794, 804 (Colo.2000)(describing the elements of landowner liability to invitees in terms of (1) breach of a duty to use reasonable care to protect against a danger on the property, and (2) actual or constructive knowledge of the danger).

A landowner has a more limited duty to exercise reasonable care with respect to licensees. *See* § 13–21–115(3)(b)(I)–(II), C.R.S.2002 (licensee may recover only for injuries caused by a landowner's unreasonable failure to (1) exercise reasonable care with respect to dangers known to and created by the landowner or (2) warn of dangers known to, but not created by the landowner that are not ordinarily present on property).

"A trespasser may recover only for damages willfully or deliberately caused by the landowner." Section 13–21–115(3)(a), C.R.S 2002.

## II.  Plaintiff's Status as a Trespasser on the Property

█ Plaintiff contends that the trial court erred in granting summary judgment to the extent that it may have based its ruling on the conclusion defendants owed him no duty of reasonable care because, as a matter of law, he was a trespasser in their pool. We agree.

Here, there was evidence, albeit disputed, that, on the first day the crew arrived at defendants' property, defendants informed the crew's supervisors that crew members were welcome to use the pool after finishing their work. While no evidence was presented that defendants subsequently repeated this permission, there is also no evidence that defendants withdrew it.

Plaintiff was not a member of the original work crew assigned to defendants' property. However, we find no evidence expressly limiting defendants' permission, if any, to a specific group of crew members or to a particular day.

Viewing the evidence in the light most favorable to plaintiff, a reasonable trier of fact could find that, as a crew member, plaintiff had defendants' permission to use the pool. Therefore, summary judgment could not be based on a determination as a matter of law that plaintiff was a trespasser in the pool.

## III.  Open and Obvious Dangers

Next, plaintiff contends that the trial court erred in granting summary judgment to the extent that it based its ruling on the determination that defendants had no duty to warn him of open and obvious dangers. In this regard, plaintiff asserts that: (1) the open and obvious danger doctrine plays no role in assessing landowner liability under the premises liability statute; and (2) in any event, a material issue of fact exists whether the danger of diving into defendants' aboveground pool was so open and obvious that defendants had no duty to warn plaintiff of it. We disagree with each assertion.

### A.  Landowner Liability for Open and Obvious Dangers

Until 1971, landowner liability was determined under a common law premises liability scheme, whereby a landowner's duty to another on his or her property depended upon whether the other was an invitee, licensee, or trespasser on the property. In 1971, the supreme court held that landowner liability would no longer depend upon a person's status with respect to the property, but would be assessed for all persons injured on the property under general negligence principles. *See Mile High Fence Co. v. Radovich,* 175 Colo. 537, 543–48, 489 P.2d 308, 312–15 (1971); *see also Pierson v. Black Canyon Aggregates, Inc., supra,* 48 P.3d at 1218.

Under both the prior common law premises liability scheme and the general negligence scheme, landowners could avoid liability for injuries caused by open and obvious dangers. *See Smith v. City & County of Denver,* 726 P.2d 1125, 1127–28 (Colo.1986)(general negligence scheme); *Webb v. Thomas,* 133 Colo. 458, 464, 296 P.2d 1036, 1039 (1956)(common law premises liability scheme).

The rationale was that "[w]here the potential for danger is readily apparent, a warning of the obvious is not necessary." *Smith v. City & County of Denver, supra,* 726 P.2d at

1127; *see also Bucheleres v. Chicago Park District*, 171 Ill.2d 435, 448, 216 Ill.Dec. 568, 665 N.E.2d 826, 832 (1996)("[t]he open and obvious nature of the condition itself gives caution" and "people are expected to appreciate and avoid obvious risks"); *Simmers v. Bentley Construction Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504, 506 (1992)("the open and obvious nature of the hazard itself serves as a warning"); Restatement (Second) of Torts § 343A cmt. e (1965)("Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.").

■ However, the existence of even open and obvious dangers did not necessarily bar recovery as a matter of law. Where "a condition present on a defendant's land is unreasonably dangerous, that is, where the likelihood of injury is not lessened by knowledge of the condition," the issue of a defendant landowner's liability should be determined by a jury. *Brown v. Martin Marietta Corp.*, 690 P.2d 889, 892 (Colo.App.1984)(general negligence scheme); *see King Soopers, Inc. v. Mitchell*, 140 Colo. 119, 124–25, 342 P.2d 1006, 1009–10 (1959)(common law premises liability scheme, as applied to injuries to invitees).

In this regard, the question is whether the landowner "should anticipate the harm despite [the visitor's] knowledge or [the] obviousness" of the danger. *See* Restatement, *supra*, § 343A(1).

> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.

Restatement, *supra*, § 343A cmt. f; *see* Dobbs, *The Law of Torts* § 235, at 605–06

(2000)(landowners can foresee that an invitee would encounter an obvious danger when "plaintiff's only reasonable choice is to encounter the danger" and when "plaintiff is foreseeably distracted, or acts under emergency or pressing need"); *see also King Soopers, Inc. v. Mitchell, supra*, 140 Colo. at 124, 342 P.2d at 1009 (discussing similar instances where landowner ought to be held liable despite open and obvious nature of danger); *Brown v. Martin Marietta Corp., supra*, 690 P.2d at 892 (plaintiff required to encounter danger as part of his employment).

The premises liability statute was enacted in 1986 and amended in 1990 to partially revive the common law premises liability scheme that the supreme court abandoned in 1971. A landowner's duties under the premises liability statute are somewhat different from those under the common law premises liability scheme. *See Gallegos v. Phipps*, 779 P.2d 856, 860–61 (Colo.1989)(under the common law premises liability scheme, landowners owed no duty of care to trespassers, only a duty not to willfully or wantonly injure licensees, and a duty to keep land in a reasonably safe condition for invitees and to warn them of concealed defects that might have been discovered in the exercise of reasonable care). Nonetheless, the statute narrows the landowner's exposure to liability from that which existed under the generic negligence scheme. *See Pierson v. Black Canyon Aggregates, Inc., supra*, 48 P.3d at 1219 ("The overriding purpose of the premises liability statute is to clarify and to narrow private landowners' liability to persons entering their land, based upon whether the entrant is a trespasser, licensee, or invitee. General negligence law would not provide such protection." (citation omitted)).

Because the overriding purpose of the statute is to provide landowners more protection than they enjoyed under the generic negligence scheme, we find it highly unlikely that the General Assembly intended to remove the protection of the open and obvious danger doctrine that landowners enjoyed under the generic negligence scheme.

Plaintiff's reliance on *Teneyck v. Roller Hockey Colorado, Ltd.*, 10 P.3d 707 (Colo. App.2000) for an opposite conclusion is mis-

placed. *Teneyck* addressed premises liability issues in connection with commercial, rather than private, use of property. There, a spectator was injured when he was struck by a hockey puck while attending a hockey game. In the trial court, the proprietor of the hockey rink was granted summary judgment based on the common law rule barring recovery for injuries suffered as a result of risks that are common, frequent, and expected from the activity in question. A division of this court reversed the summary judgment, reasoning that the General Assembly had elsewhere identified other instances where spectators or participants in sporting events were held to have assumed the risks inherent in attending or participating in those activities. The division concluded that, by not enacting, as other states had done, a statute with respect to hockey facilities, the General Assembly intended not to exempt hockey rink owners from liability based on ·the ground identified by the trial court.

Plaintiff has not directed our attention to any statutes, comparable to those cited in *Teneyck,* indicating that the General Assembly intended to remove the protection afforded landowners by the open and obvious danger doctrine in connection with the myriad private purposes to which land may be put. We thus conclude that *Teneyck* is distinguishable from the present case.

Nor do we agree with plaintiff that *Union Supply Co. v. Pust,* 196 Colo. 162, 583 P.2d 276 (1978), compels the conclusion that Colorado courts have rejected the open and obvious danger·doctrine. *Union Supply Co. v. Pust* and other cases relied on by plaintiff have held only that the open and obvious nature of a risk may not be a complete bar to a products liability failure to warn claim. *See Armentrout v. FMC Corp.,* 842 P.2d 175, 181 (Colo.1992)("The open and obvious nature of a risk is not necessarily a complete defense to a strict liability failure-to-warn claim.... If the danger is open and obvious, there is no duty to warn unless there is a substantial likelihood that the proposed warning would have prevented injury to the ordinary user.").

■ Accordingly, we conclude that the open and obvious danger doctrine continues to apply in assessing landowner liability to invitees and licensees under the premises liability statute.

### B. · Application of Open and Obvious Danger Doctrine

■ Colorado courts have applied the open and .obvious danger doctrine in cases involving injuries caused by diving into shallow water. *See Smith v. City & County of Denver, supra,* 726 P.2d at 1127–28 (person diving off rock cliff into river); *Webb v. Thomas, supra,* 133 Colo. at 464, 296 P.2d at 1039 (patron of commercial swimming pool injured while diving in shallow part of pool).

Although Colorado appellate courts have not specifically addressed whether the danger of diving into an aboveground swimming pool is open and obvious, the majority of other jurisdictions that have addressed the issue have concluded as a matter of law that it is an open and obvious danger. *See Hemphill v. Johnson,* 230 Ga.App. 478, 481, 497 S.E.2d 16, 19 (1998)(affirming summary judgment for landowner because "the existence and condition of [the swimming] pool was open and obvious"); *Barham v. Knickrehm,* 277 Ill.App.3d 1034, 1038, 214 Ill.Dec. 721, 661 N.E.2d 1166, 1169 (1996)("A homeowner's above-ground swimming pool presents an open and obvious danger as a matter of law."); *O'Sullivan v. Shaw,* 431 Mass. 201, 207, 726 N.E.2d 951, 957 (2000)("in granting summary judgment for the defendants, [the trial court] correctly concluded that the open and obvious danger rule obviated any duty to warn the plaintiff not to dive head first into the shallow end of the defendants' swimming pool"); *Donacik v. Pool Mart, Inc.,* 270 A.D.2d 921, 922, 705 N.Y.S.2d 784, 786 (2000)(recognizing the "obvious danger of diving into a four-foot above-ground pool"); *Long v. Manzo,* 452 Pa.Super. 451, 461–62, 682 A.2d 370, 375 (1996)(affirming summary judgment in favor of landowner because of the obvious danger of diving headfirst into a four-foot high pool); *Griebler v. Doughboy Recreational, Inc.,* 160 Wis.2d 547, 559–60, 466 N.W.2d 897, 902 (1991)(affirming summary judgment in favor of landowner because plaintiff confronted an open and obvi-

ous danger as a matter of law when he dove headfirst into water of unknown depth).

Some courts have held otherwise. *See Corbin v. Coleco Industries, Inc.,* 748 F.2d 411, 417 (7th Cir.1984)("The crucial point . . . is that even though people are generally aware of the danger of diving into shallow water, they believe there is a safe way to do it, namely, by executing a flat, shallow dive. If people do in fact generally hold such a belief, then it cannot be said, as a matter of law, that the risk of spinal injury from diving into shallow water is open and obvious."); *Leonard v. Pitstick Dairy Lake & Park, Inc.,* 124 Ill.App.3d 580, 586, 79 Ill.Dec. 740, 464 N.E.2d 644, 649 (1984)("[T]he danger of diving headfirst into shallow water may seem at first glance to be a matter of common knowledge and understanding. . . . However, closer examination of the evidence indicates that the nature and extent of the danger . . . is not commonly understood, even by many adults of considerable experience.").

We are persuaded by the former, rather than the latter, line of cases because, as the Michigan Supreme Court observed:

> [T]he threshold issue is not whether a shallow dive can be successfully executed but, rather, whether people in general are unaware of the fact that there is a risk of serious harm when diving in shallow water. The fact that all plaintiffs acknowledged the necessity to perform a shallow dive simply underscores the conclusion that the risk of diving in shallow water is open and obvious.

*Glittenberg v. Doughboy Recreational Industries,* 441 Mich. 379, 401, 491 N.W.2d 208, 218 (1992); *see also O'Sullivan v. Shaw, supra,* 431 Mass. at 207, 726 N.E.2d at 956 (disapproving of *Corbin v. Coleco Industries, Inc., supra,* based on "[p]lain common sense, bolstered by the weight of authority in other jurisdictions where this issue has been addressed"); *Griebler v. Doughboy Recreational, Inc., supra,* 160 Wis.2d at 560, 466 N.W.2d at 902 (concluding that danger of diving into water of unknown depth is obvious as a matter of law despite plaintiff's argument that "thousands of people are injured by doing so every year"); Note, *Look Before You Leap: Can the Emergence of the Open and Obvious Danger Defense Save Diving from Troubled Waters?,* 49 Syracuse L.Rev. 175, 183 (1999)("plaintiffs in diving accident cases are not victims of a dangerous activity, but are participants who choose to dive according to their own standards, and then poorly execute their scheme").

Nonetheless, plaintiff argues that, because he is mentally retarded, the nature of the risk here could not be deemed to be obvious as a matter of law. Because plaintiff did not raise this issue before the trial court in response to defendants' motion for summary judgment, we decline to consider it now. *See generally Flores v. American Pharmaceutical Services, Inc.,* 994 P.2d 455, 458 (Colo. App.1999)("An appellate court will not consider issues, arguments, or theories not previously presented in trial proceedings.").

We also reject plaintiff's assertion regarding the materiality of a dispute in the evidence concerning whether the water in the pool was clear or murky. Plaintiff was not injured by hitting his head on an obscured object in the pool. He was injured by hitting his head on the bottom of the pool, and we have concluded that the risk of such a danger was open and obvious to him as a matter of law.

In so holding, we note that there was no claim or evidence presented that plaintiff was distracted in his use of the pool, that he was obliged to use the pool, or that the pool could not have been used in reasonable safety. Hence, there was no other basis in law for holding defendants liable. *See King Soopers, Inc. v. Mitchell, supra,* 140 Colo. at 124, 342 P.2d at 1009; Restatement, *supra,* § 343A cmt. f.

We therefore conclude that the trial court did not err in granting summary judgment in defendants' favor.

In light of this conclusion, we need not address the other contentions raised by the parties.

Accordingly, the judgment is affirmed.

Judge ROTHENBERG and Judge KAPELKE concur.