**A & R COMPANY, Plaintiff-Appellee,**

v.

**UNION AIR TRANSPORT, INC., Defendant-Appellant.**

**No. 85CA0079.**

Colorado Court of Appeals, Div. II.

April 30, 1987.

Morrato, Bieging, Burrus & Colantuno, P.C., Stephen B. Shapiro, I. Thomas Bieging, Englewood, for plaintiff-appellee.

Girsh and Rottman, P.C., Robert B. Rottman, Denver, for defendant-appellant.

KELLY, Judge.

In this action to recover rents due under a lease, the defendant, Union Air Transport, Inc., appeals from the judgment finding it liable to the plaintiff, A & R Company. Union Air contends that the trial court erred in finding that part performance removed the oral agreement from the operation of the statute of frauds. We affirm.

■ Every contract to lease any interest in land for a period longer than one year is void unless the agreement expressing the terms is in writing and "subscribed by the party by whom the lease ... is to be made," § 38–10–108, C.R.S. (1982 Repl.Vol. 16A); however, substantial part performance of the terms of an oral agreement on which the written agreement is based may take the contract from under the statute. *Zamboni v. Graham*, 104 Colo. 23, 88 P.2d 98 (1939); *Knoff v. Grace*, 68 Colo. 527, 190 P. 526 (1920).

■ Part performance consists of performing something required by the contract, such as the payment of rent, plus the taking of possession by the tenant and the installation of trade fixtures or other similar equipment of a type that is indicative of a long-term tenancy. *Knoff v. Grace, supra.* A party relying on part performance to defeat a defense based on the statute of frauds must show that the partial performance is more consistent with the terms of the contract than with some other arrangement, such as a month-to-month tenancy or a tenancy at will. *L.U. Cattle Co. v. Wilson*, 714 P.2d 1344 (Colo.App. 1986); *Knoff v. Grace, supra;* D. Dobbs, *Remedies* § 13.2 (1973).

■ Mere possession of property is not substantial part performance if possession may be attributed to some arrangement other than the one under the alleged oral agreement. *See Von Trotha v. Bamberger*, 15 Colo. 1, 24 P. 883 (1890). In many cases where part performance has been allowed to defeat a statute of frauds defense, either a tenant or a putative owner has taken possession of the premises and made extensive improvements or expenditures in preparing to occupy the property in reliance on an oral agreement. *See, e.g., Zamboni v. Graham, supra* (plaintiff entitled to deed to land where he built a home at the owner's suggestion with a promise to protect the plaintiff's rights), and *Adcock v. Lieber*, 51 Colo. 373, 117 P. 993 (1911) (plaintiff, who left ranching business to move into, furnish, and manage a hotel, and who paid rent, was entitled to a lease for terms and period specified in an oral agreement).

■ Here, Union Air presented evidence that it had never reached an agreement on the terms of a proposed written lease. Its witnesses testified that Union Air wanted a 24–month lease at $950 per month. They claimed that Union Air did not accept the 36–month lease because A & R refused to insert an escape clause allowing renegotiation of the lease if space problems developed again. Union Air claimed it occupied the space knowing there was no written agreement, but it paid rent at what it believed to be the negotiated amount for a periodic tenancy.

A & R's evidence, however, was that Union Air's manager, Hans Haefner, had "shaken hands" on the terms as specified in the unsigned written agreement, *i.e.*, a 36–month lease at $950 per month. One of A & R's partners testified that this agreement had been reached at a Denver meeting with Mr. Haefner. A & R also presented evidence which indicated that Union Air elected the longer term partly because A & R demanded $975 per month on a 24–month lease. A & R also claimed that it would never have made the modifications Union Air wanted if the parties had not agreed to a long term lease.

It is undisputed that there was no enforceable written agreement between these parties as required by the statute of frauds, § 38–10–108, C.R.S. (1982 Repl.Vol. 16A). The trial court, sitting as the finder

of fact, made bench findings from which it may be inferred that it chose to believe the evidence of A & R. The court found that both Union Air and A & R made an oral agreement virtually identical to the proposed written lease and that each party made substantial part performance pursuant to its terms. It also found part performance by payment of rent in an amount consistent with the terms of the oral agreement and reimbursement to A & R by Union Air for remodeling of the premises.

The record substantiates these findings of fact, and we will not disturb them on review. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970).

We have considered the other issues raised in this appeal and find them to be without merit.

The judgment is affirmed.

SMITH and STERNBERG, JJ., concur.