DALE E. PETERS *et al.*, Plaintiffs-Appellants, v. BARRETT, TWOMEY, MORRIS & BROOM, *et al.*, Defendants-Appellees.

Fifth District   No. 5—88—0568

Opinion filed November 2, 1989.

---

*Justice Karmeier replaces Justice Karns, who retired from the bench after this case was taken under advisement.

Gray & Ritter, P.C, of St. Louis, Missouri (Paul C. Hetterman and M. Jane Matoesian, of counsel), for appellants.

Jeffrey P. Hine, of Oliver, Oliver, Waltz & Cook, P.C., of Cape Girardeau, Missouri, for appellee David W. Watt, Jr.

JUSTICE RARICK delivered the opinion of the court:

Plaintiffs Dale E. Peters, James E. Gibbs, and Kincaid Village Marina appeal from the order of the circuit court of Jackson County granting summary judgment in favor of one of the defendants, David W. Watt, Jr. We affirm.

Plaintiffs filed a legal malpractice action against defendants, the law firm of Barrett, Twomey, Morris & Broom, the individual partners of that firm and David W. Watt, Jr., to recover damages occasioned by their negligence in their legal representations of plaintiffs with respect to the sale of a marina previously owned by plaintiffs. On December 29, 1978, plaintiffs sold their marina operation to the Kincaid Village Marina Corporation (KVMC). Attorney Watt represented plaintiffs in this sale, preparing all necessary documents, including any required financing statements to secure plaintiffs' rights and interests under the sale agreements. The financing statements accordingly were filed on January 2, 1979. Sometime prior to April 23, 1982, Watt ceased representing plaintiffs. Plaintiffs then hired Twomey and his firm to represent them in connection with their rights under the marina sale agreements. At that point in time, all of the assets which plaintiffs had as security were still in existence. KVMC, however, defaulted on the agreements on numerous occasions, and on August 10, 1984, filed a voluntary petition in bankruptcy. Plaintiffs were held to be unsecured creditors by the bankruptcy court because (1) the financing statements prepared and filed by Watt were defective as fixture filings because they did not contain a description of the real estate or state the name of the owner of the real estate and (2) the financing statements had lapsed because no continuation statements had been filed in January of 1984. Plaintiffs appealed the bankruptcy court's ruling to the district court. The district court determined plaintiffs were unsecured creditors because of

the lapsing of the financing statements. The court declined to address the issue of whether the statements were properly filed in the first place.

As a result of the determination of their unsecured creditor status, plaintiffs filed the instant legal malpractice action against Twomey, his fellow partners and law firm. Watt was not added as a defendant until plaintiffs' fourth amended complaint. Watt then filed a motion for summary judgment alleging Twomey's failure to file the continuation statements constituted an efficient intervening cause of plaintiff's damages. Relying on the district court's decision, the trial court granted Watt's motion.

Plaintiffs argue on appeal the trial court erred in granting Watt's motion for summary judgment. Plaintiffs believe the issue as to the proximate cause of their damages presents a material question of fact because both Watt and Twomey were negligent in their representations of plaintiffs. Plaintiffs contend it cannot be stated, as a matter of law, whose actions caused them to be held to be unsecured creditors and whose actions proximately caused their damages. According to plaintiffs, both defendants were concurrently negligent. We disagree. Admittedly, the original financing statements prepared and filed by Watt were defective (see Ill. Rev. Stat. 1979, ch. 26, par. 9—402), but these defects did not cause plaintiffs to be unsecured creditors in the bankruptcy proceedings. The proximate cause of plaintiffs' unsecured status was Twomey's failure to file continuation statements (see Ill. Rev. Stat. 1983, ch. 26, par. 9—403(2)), in addition to his failure to correct or amend the original financing statements to include the missing information (see Ill. Rev. Stat. 1983, ch. 26, par. 9—402(4); *In re Kittyhawk Television Corp.* (6th Cir. 1975), 516 F.2d 24, 28; 9 R. Anderson, Uniform Commercial Code §§9—401:48, 9—402:66 (3d ed. 1985); 8 W. Hawkland, R. Lord & C. Lewis, Uniform Commercial Code Series §9—402:14 (Callaghan 1986)). Twomey failed to represent and protect plaintiff's interests. This failure was the cause of their damages. The original filing of the financing statements merely created a condition which made plaintiffs' damages possible. Plaintiffs cannot say, however, but for the alleged negligence of Watt they would have been secured creditors in the bankruptcy proceedings. Even if the original statements had been letter perfect, plaintiffs still would be unsecured because the statements were allowed to lapse. Twomey's actions, or more precisely inactions, broke any chain of legal causation, constituting an independent intervening cause of plaintiffs' damages. The failure to file continuation statements was not a foreseeable consequence of the fil-

ing of the original financing statements. (See *Kemp v. Sisters of the Third Order of St. Francis* (1986), 143 Ill. App. 3d 360, 361, 493 N.E.2d 372, 373. See also *Roeseke v. Pryor* (1987), 152 Ill. App. 3d 771, 779, 504 N.E.2d 927, 931-32. *Cf. Parvin v. Sill* (1985), 138 Ill. App. 3d 325, 328-29, 486 N.E.2d 262, 264-65.) Because Watt was not responsible for failing to file continuation statements and/or amend the original financing statements prior to lapsing, having stopped representing plaintiffs some two years prior to the continuation filing date, we cannot conclude Watt was the proximate cause of plaintiffs' damages. The facts are such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them. (*Dodson v. Spain* (1987), 154 Ill. App. 3d 1034, 1036, 507 N.E.2d 1306, 1307.) There simply is no genuine issue as to any material fact. Because Watt's actions did not proximately cause plaintiffs' damages, the trial court properly granted his motion for summary judgment. (See *Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 508 N.E.2d 1201. See also *Practical Offset, Inc. v. Davis* (1980), 83 Ill. App. 3d 566, 404 N.E.2d 516.) We therefore find no abuse of the trial court's discretion such that plaintiffs' right to fundamental justice has been violated in this instance. See *Kemp*, 143 Ill. App. 3d at 361-62, 493 N.E.2d at 373.

Because of our disposition of this issue, we need not address other matters raised by Watt in response to plaintiffs' appeal.

For the aforementioned reasons, we affirm the entry of summary judgment in favor of Watt granted by the circuit court of Jackson County.

Affirmed.

WELCH, P.J., and GOLDENHERSH, J., concur.