Christiana REDMOND, Plaintiff–
Appellant and Cross–
Appellee,

v.

CHAINS, INC., d/b/a Kitty's Pleasure Palace, and Colorado Alumni, Ltd., d/b/a Kitty's East, Defendants–Appellees and Cross–Appellants.

No. 98CA2213.

Colorado Court of Appeals,
Div. V.

Jan. 20, 2000.

and § 24–51–1105, C.R.S.1999.

Michael R. Lawrence, LLC, Denver, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Law Office of Patricia S. Bellac, Patricia S. Bellac, Boulder, Colorado, for Defendants–Appellees and Cross–Appellants.

Opinion by Judge TAUBMAN.

In this action for wrongful withholding of wages and tips, plaintiff, Christiana Redmond, appeals the trial court's grant of summary judgment in favor of defendants, Chains, Inc., d/b/a Kitty's Pleasure Palace (Chains), and Colorado Alumni, Ltd., d/b/a Kitty's East (Colorado Alumni). Defendants cross-appeal the trial court's denial of their request for attorney fees. We affirm in part, reverse in part, and remand for further proceedings.

Redmond worked for 12 years as a private booth dancer at an adult entertainment facility owned by Colorado Alumni. A private booth dancer is a person who, upon request of a patron of an adult entertainment facility, performs a private erotic show inside an enclosed booth. *See 303 West 42nd Street Enterprises, Inc. v. Internal Revenue Service,* 916 F.Supp. 349 (S.D.N.Y.1996), *rev'd on other grounds,* 181 F.3d 272 (2d. Cir. 1999). Chains is a dissolved corporation formed to serve as a managing corporation for the dancers as employees. Chains served in this capacity from February 6, 1995, through June 28, 1995, when Colorado Alumni ceased operation of its live entertainment business. During most of Redmond's employment, Colorado Alumni believed its dancers were independent contractors. Based on this belief, Colorado Alumni did not pay its dancers, including Redmond, minimum wage and took a portion of their tips.

In February 1995, Colorado Alumni began treating the dancers as employees of Chains and subjected them to new rules regarding their performances and workplace behavior. In addition, Chains began paying the dancers $1.35 per hour as minimum wages for tipped employees. In June 1995, the United States Department of Labor informed Chains that since February 6, 1995, it had underpaid its employees by $.78 per hour, and was thus required either to pay the employees accordingly or to challenge the Department's determination in court. Chains agreed to pay the employees. With regard to Redmond, Chains owed her money for performances between February 6, 1995, and February 12, 1995, the date Chains terminated her employment.

Redmond brought this action on February 10, 1997, pursuant to the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 et seq. (1999), and the Colorado Wage Claim Act, § 8–4–101 et seq., C.R.S.1999, to recover unpaid minimum wages and tips that she paid to Colorado Alumni.

Defendants filed a motion in limine that the trial court later treated as a motion for summary judgment. The primary issue decided by the trial court on summary judgment was whether Redmond's claims were barred by the FLSA statute of limitations. If a party violates the FLSA, but such violation is not willful, the statute of limitations is two years. If, however, the violation is willful, the statute of limitations is three years. 29 U.S.C. § 255 (1999).

Assuming that Redmond was an employee, the trial court determined that the two-year statute of limitations applied here because Redmond failed to prove that defendants knew or showed reckless disregard as to whether their treatment of her as an independent contractor was prohibited by FLSA. Because it found the two-year limitations period applied, the trial court further determined that all of Redmond's claims before February 10, 1995, were barred by the statute; thus, she only had claims for wages and tips for the time she worked between February 10, 1995, and February 12, 1995.

The court further determined that FLSA provided Redmond's exclusive remedy and precluded her from presenting evidence of violations of the Colorado Wage Claim Act. The court also disallowed any evidence regarding her claim for outrageous conduct.

Subsequent to entry of the summary judgment, Redmond filed a motion for reconsideration that was later denied. On October 2, 1998, the trial court granted defendants' motion to dismiss Redmond's remaining claims. Redmond consented to the dismissal.

## I. Timeliness of Appeal

■ As a threshold matter, defendants contend that Redmond's appeal was untimely because it was filed more than 45 days after the trial court denied her motion for reconsideration. We disagree.

■ When summary judgment does not dispose of the entire action, the judgment is not final for purposes of appeal unless the trial court expressly determines that there is no just reason for delay, and orders entry of final judgment. C.R.C.P. 54(b); *Manka v. Martin*, 200 Colo. 260, 614 P.2d 875 (1980). Here, though summary judgment in favor of defendants dismissed most of Redmond's claims, the trial court acknowledged that Redmond still had *de minimis* claims for wages and tips on and after February 10, 1995. The trial court did not expressly enter final judgment until October 2, 1998, when it dismissed Redmond's remaining claims. Accordingly, Redmond timely filed her notice of appeal on November 9, 1999, 38 days later.

## II. Employee Status of Plaintiff

Appellate review of summary judgment is *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995). In determining whether summary judgment was appropriate, a reviewing court must view the facts in the light most favorable to the nonmovant. *Colorado Civil Rights Commission v. North Washington Fire Protection District*, 772 P.2d 70 (Colo.1989). The initial burden is on the moving party to show there is no triable issue of fact. Once that burden has been met, the burden shifts to the nonmovant who then has the burden to set forth specific facts demonstrating the existence of a triable issue of fact. A showing of facts by the moving party, uncontradicted by counter-affidavits, leaves the trial court no alternative but to conclude that no genuine issue of material fact exists. C.R.C.P. 56(e); *Civil Service Commission v. Pinder*, 812 P.2d 645 (Colo. 1991).

### A. Statute of Limitations

Redmond contends that the trial court erred in allowing defendants to assert the FLSA two-year statute of limitations as a defense because they willfully violated their statutory duty to give notice to employees of their rights. We are not persuaded.

■ As noted, if a defendant's violation of the FLSA is willful, the applicable statute of limitations is three years. If, however, the violation is not willful, the statute of limitations is two years. 29 U.S.C. § 255 (1999). To prove a willful violation, a party must show that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *Reich v. Monfort, Inc.*, 144 F.3d 1329, 1334 (10th Cir.1998).

■ If an employer acts reasonably in determining its legal obligation under the FLSA, its action cannot be deemed willful for purposes of the three-year limitations period. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). Good faith and reasonableness, including a putative employer's consultation with an attorney, are defenses to allegations of willful-

ness. *See Halferty v. Pulse Drug Co.*, 826 F.2d 2 (5th Cir.1987). Good faith dictates that an employer must have "an honest intention to ascertain and follow the dictates of the Act." *Quirk v. Baltimore County, Maryland*, 895 F.Supp. 773, 788 (D.Md.1995). This requires some investigation of potential liability under the FLSA.

■ The burden is on the party alleging willfulness to prove that the actions taken were knowing or in reckless disregard of the FLSA. *See Gilligan v. City of Emporia, Kansas*, 986 F.2d 410 (10th Cir.1993).

Although there was disputed evidence as to whether defendants displayed the wage posters required by the FLSA, such evidence did not raise a genuine issue of material fact because the threshold determination, assuming there had been a violation of the FLSA, was whether the violation was willful.

■ In support of her argument that defendants willfully violated the FLSA, Redmond asserts that all reported cases have held that dancers are employees rather than independent contractors. *See, e.g., Reich v. Circle C Investments, Inc.*, 998 F.2d 324 (5th Cir.1993) (determination made under FLSA); *303 West 42nd Street Enterprises Inc. v. Internal Revenue Service, supra* (determination made under the Internal Revenue Code, which contains a similar test for determination of employee status); *Jeffcoat v. Department of Labor*, 732 P.2d 1073 (Alaska 1987) (determination made under FLSA). In all of these cases, the courts determined that, under the circumstances, strippers and private booth dancers were employees, and not independent contractors.

Here, the following facts are undisputed. In 1994, the accountant for Colorado Alumni became aware of the opinion in *Reich v. Circle C Investments, Inc., supra*, and informed the attorney for Chains. Chains' attorney then reviewed *Reich*, as well as other cases, and determined that, unlike the establishments in those cases, Colorado Alumni exercised much less control over its dancers in that the dancers: (1) did not work in the open, subject to constant control and monitoring; (2) were not required to serve drinks or perform other tasks in addition to danc-

ing; and (3) were not an integral part of the business.

The case law regarding employment status of dancers in adult entertainment establishments is unsettled, and at the time of defendants' investigation, no reported decision had held that private booth dancers were considered to be employees. In fact, more recently, some courts have held that adult entertainment facilities may have a reasonable basis for treating dancers as independent contractors, depending on the circumstances. *See Déjà vu Entertainment Enterprises of Minnesota, Inc. v. United States*, 1 F.Supp.2d 964 (D.Minn.1998) (holding that because the performers created their own weekly schedules, and could work at numerous establishments if they chose, the club had a reasonable basis for treating them as independent contractors rather than employees); *see also Taylor Blvd. Theatre, Inc. v. United States*, (W.D.Ky. No.Civ.A.3:97–CV–63–H, May 13, 1998) (1998 WL 375291) (determining that it was reasonable to treat nightclub dancers as independent contractors based on industry practice, relevant case law defining employees under the Internal Revenue Code, and the minimal degree of control exercised over the dancers).

Consequently, defendants could have reasonably concluded that their dancers were independent contractors prior to February 6, 1995.

Because defendants consulted an attorney and performed a reasonable, good faith investigation into their obligations under the FLSA, their violations of the FLSA, if any, were not willful. Thus, the trial court properly concluded that the two-year statute of limitations applies and bars Redmond's claims for wages before February 6, 1995.

## B. Equitable Tolling

■ Redmond asserts that because defendants concealed her rights under the FLSA by not displaying the required wage posters, the statute of limitations was tolled and defendants are estopped from asserting it as a defense. We disagree.

■ A misinterpretation of the applicable law and actions reliant upon that interpreta-

tion are not grounds for tolling the statute of limitations under the FLSA. *See Shunney v. Fuller Co.,* 111 F.Supp. 543 (D.R.I.1953) (FLSA statute of limitations is not tolled where alleged misrepresentations were misrepresentations of law). *See also Simons v. Southwest Petro–Chem, Inc.,* 28 F.3d 1029 (10th Cir.1994) (under Title VII of the Civil Rights Act of 1964, statute of limitations is not tolled absent a showing of active deception).

Here, conflicting affidavits were presented as to whether defendants prominently displayed the wage posters in question. However, even if we assume that defendants failed to display the required wage posters, Redmond did not present any evidence that defendants engaged in fraudulent conduct or actively deceived her and other dancers by not displaying such posters. To the contrary, as discussed more fully above, there was evidence that defendants conducted a good faith investigation into their obligations under the FLSA and had reasonably concluded Redmond was not an employee.

Accordingly, Redmond is not entitled to equitable tolling of the FLSA two-year statute of limitations.

### C. Redmond's Employment Status

Redmond next asserts that the trial court erred in failing to find expressly that she was an employee of Colorado Alumni. We disagree.

As noted, the trial court's judgment was based on its assumption that, even if Redmond was an employee, her claims were barred by the two-year statute of limitations under the FLSA. Once the trial court determined that defendants' actions were not a willful violation of the FLSA, the two-year statute of limitations obviated the need to determine whether Redmond was an employee under the FLSA.

Accordingly, the trial court's refusal to address Redmond's employment status under the FLSA was appropriate.

### D. FLSA—Exclusive Remedy

Redmond asserts that the trial court erred when it concluded that because relief under the FLSA was her exclusive remedy, she did not state a claim under the Colorado Wage Claim Act. We agree.

A party may seek the same relief alleging violations of both federal and state statutes, unless the federal statute preempts the state statute. Federal law preempts state law if: (1) Congress expressly states an intent to preempt state law; (2) such intent may be inferred because there is a pervasive regulatory scheme; or (3) state law conflicts with federal law. If a federal statute does not preempt state law, federal common law may still preempt state law if there is a conflict, or federal common law fills or interprets an area not addressed by the federal statute. *Osband v. United Airlines, Inc.,* 981 P.2d 616 (Colo.App.1998).

Here, we conclude the FLSA does not preempt the Colorado Wage Claim Act, because, under the Colorado Wage Claim Act, a party is entitled to relief that is not available under the FLSA. For example, under the Colorado Wage Claim Act, an employee may recover: (1) the actual wage paid the employee, not merely minimum wage as provided for under the FLSA; (2) three years of back wages, as opposed to two under the FLSA; and (3) punitive damages equal to half the back wages, if an employer fails to pay an employee within six months of termination and demand for payment of back wages.

Because the FLSA does not preempt the Colorado Wage Claim Act, Redmond is entitled to assert claims for relief under both statutes.

The Colorado Wage Claim Act defines "employee" as:

[A]ny person, including a migratory laborer, performing labor or services for the benefit of an employer in which the employer may command when, where, and how much labor or services shall be performed. For the purpose of this article, an individual primarily free from control and direction in the performance of the service, both under his contract for the performance of service and in fact, and who is customarily engaged in an independent trade, occupation, profession, or business

related to the service performed is not an "employee."

Section 8–4–101(5), C.R.S.1999.

Based on our review of the record, we conclude there are disputed issues of material fact regarding whether Redmond was an employee of Colorado Alumni prior to February 6, 1995. Defendants presented affidavits, including the affidavit of one of Redmond's co-workers, stating that Redmond and the other dancers were independent contractors prior to February 6, 1995. Those affidavits emphasized Redmond's independence and freedom from defendants' control and direction. However, Redmond's deposition testimony reveals that, contrary to defendants' assertions, she had to check in with the cashiers of the facility, and could have been fired if she had come to work late or been absent without cause. This testimony indicates that Colorado Alumni had some control over its dancers and their performances, thus tending to indicate that Redmond was an employee pursuant to the Colorado Wage Claim Act.

Consequently, because the FLSA is not the exclusive remedy and because there are disputed issues of material fact regarding Redmond's status before February 6, 1995, we reverse the trial court's summary judgment on Redmond's claim under the Colorado Wage Claim Act.

### III.  Attorney Fees

On cross-appeal, defendants assert that the trial court erred in not granting their request for attorney fees based on their contention that Redmond's claims were groundless. We disagree.

■■■■ A trial court has broad discretion in awarding attorney fees, and such determination will not be disturbed on appeal absent an abuse of discretion. *In re Marriage of Lishnevsky,* 981 P.2d 609 (Colo.App.1999). A claim is groundless if the allegations of the complaint, though sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial. The test for groundlessness is based on the presumption that the proponent has a valid legal theory, but can offer little or no evidence to support the claim. On the other hand, a claim is frivolous if the proponent cannot present a rational argument based on the evidence or law in support of that claim. *See* § 13–17–102, C.R.S.1999; *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo. 1984).

Here, defendants requested attorney fees from the trial court alleging only that Redmond's claims were groundless, not frivolous. The trial court did not grant defendants' request for attorney fees because it determined that Redmond's claims were not frivolous or groundless.

■■■ Redmond presented evidence through affidavits that defendants did not display required federal wage posters and therefore willfully violated the FLSA. Although this evidence was not sufficient to survive summary judgment, it was sufficient to avoid a claim of groundlessness. In addition, as conceded by defendants at oral argument, based on Redmond's deposition, there were disputed issues of material fact regarding her employment status prior to February 6, 1995, thereby possibly entitling her to relief under the Colorado Wage Claim Act. This evidence supports the trial court's determination that Redmond's claims were not groundless.

We also deny defendant's request for attorney fees under C.A.R. 38. *See Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925 (Colo.1993) (purpose of C.A.R. 38 attorney fees is to deter egregious conduct, not to discourage legal theories that may be persuasive though they lack support in decisional law).

We affirm the trial court's summary judgment in favor of defendants regarding the claim under the FLSA. We also affirm the trial court's denial of defendants' request for attorney fees. We reverse the trial court's summary judgment in favor of defendants to the extent it denied Redmond relief under the Colorado Wage Claim Act and remand for further proceedings consistent with this opinion.

Judge DAVIDSON and Judge KAPELKE concur.