Thomas BROWN, Plaintiff–Appellant,

v.

Steven SILVERN, Defendant–Appellee.

No. 00CA1126.

Colorado Court of Appeals,
Div. V.

June 21, 2001.

Rehearing Denied Sept. 6, 2001.

Certiorari Denied April 22, 2002.

John L. Springer, Aurora, CO, for Plaintiff–Appellant.

Treece, Alfrey, Musat & Bosworth, P.C., Michael L. Hutchinson, Carol Lynn Thomson, Denver, CO, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

In this legal malpractice action, plaintiff, Thomas Brown, appeals the trial court's summary judgment in favor of defendant, Steven Silvern. We reverse and remand for further proceedings.

In 1991, Brown was involved in an automobile accident. He hired Silvern to represent him for "all claims arising from the vehicular accident of 7/2/91." In 1992, Brown, through his attorney Silvern, settled the claim against the other driver, who was insured by Metropolitan Property & Casualty Co. (Metropolitan), for $77,500.

Brown owned an automobile insurance policy issued by American Family Insurance Group (American Family), which included underinsured motorist (UIM) coverage of $250,000. The policy contained a consent-to-settle exclusion, eliminating coverage if the policyholder settled a UIM claim without prior written consent from American Family. It is uncontested that neither Brown nor Silvern obtained consent from American Family before settling with Metropolitan.

In April 1994, Brown obtained the only copy of his case file from Silvern's office and signed a receipt confirming this action. In July 1994, Brown retained another attorney to represent him in an "insurance bad faith and/or PIP dispute." Eighteen months later, the second attorney made a written demand on American Family for UIM benefits pursuant to Brown's policy. In March 1996, American Family denied Brown's claim on the alternative grounds that: (1) American Family had never consented to the settlement between Brown and Metropolitan as

required by the policy; and (2) the statute of limitations had expired.

In July 1996, Brown, through his second attorney, filed a declaratory judgment action against American Family, seeking UIM benefits. The trial court dismissed Brown's lawsuit on the ground that the statute of limitations had expired. The trial court's order was affirmed by a division of this court. *See Brown v. American Family Insurance Group*, 989 P.2d 196 (Colo.App.1999).

While his appeal was pending before this court, Brown filed this legal malpractice action against Silvern. He alleged that Silvern was negligent in failing to file a timely claim against American Family for UIM benefits, failing to obtain American Family's consent before settling with Metropolitan, and failing to advise him of the applicable statute of limitations.

Silvern moved for summary judgment, arguing that his actions were not the proximate cause of Brown's loss because the trial court dismissed Brown's claim against American Family solely on statute of limitations grounds. Silvern further argued that he was not responsible for failing to file that claim within the statute of limitations, because Brown had discharged him and retained a second attorney eighteen months before the statute of limitations had expired. The trial court granted Silvern's motion, concluding that the proximate cause of Brown's injuries was not Silvern's failure to obtain American Family's consent before settling with Metropolitan, but rather Brown's failure to file the declaratory judgment action within the applicable statute of limitations. This appeal followed.

Brown contends that the trial court erred in granting summary judgment because the proximate cause of his injury was Silvern's failure to obtain American Family's consent before settling with Metropolitan, and not the running of the statute of limitations. We agree in part.

■ Under C.R.C.P. 56(c), summary judgment is proper only when the pleadings, affidavits, depositions, or admissions show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Cissell Manufacturing Co. v. Park*, 36 P.3d 85 (Colo.App.2001). Appellate review of a summary judgment is *de novo. Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo. 1995). In determining whether summary judgment was appropriate, a reviewing court must view the facts and the inferences therefrom in the light most favorable to the nonmovant. *Colorado Civil Rights Commission v. North Washington Fire Protection District*, 772 P.2d 70 (Colo.1989).

■ To succeed on a legal malpractice claim founded in negligence, the plaintiff must establish that: (1) the attorney owed a duty of care to the plaintiff; (2) the attorney breached that duty; and (3) the attorney's breach proximately caused damage to the plaintiff. *Bebo Construction Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78 (Colo.1999).

■ Establishing proximate cause in a legal malpractice action requires two elements. First, the plaintiff must establish that but for the attorney's actions, the injury would not have occurred. *North Colorado Medical Center v. Committee on Anticompetitive Conduct*, 914 P.2d 902 (Colo.1996). Second, the plaintiff must establish the "case within a case," which requires proof that the claim underlying the malpractice action should have been successful if the attorney had acted in accordance with his or her duty. *Bebo Construction Co. v. Mattox & O'Brien, P.C., supra.*

■ Proximate cause is a question of fact that is properly decided by a fact finder. *Ekberg v. Greene*, 196 Colo. 494, 588 P.2d 375 (1978).

## I. More Than One Proximate Cause

■ There may be more than one proximate cause of a plaintiff's injury. *Rodriguez v. Healthone*, 24 P.3d 9 (Colo.App.2000)(medical malpractice claim)(*cert. granted* June 4, 2001); *Eckart v. Industrial Claim Appeals Office*, 775 P.2d 97 (Colo.App.1989)(unemployment compensation claim).

Here, the trial court concluded that the proximate cause of Brown's injury was that the UIM claim was filed outside of the statute of limitations. This may be a proximate cause of Brown's injury because, but for his attorney's failure to file the claim timely, Brown would have had a viable claim against American Family for UIM benefits (unless his failure to comply with the consent-to-settle provision barred the claim).

However, the trial court did not consider that there could be more than one proximate cause for Brown's injury. *See Rodriguez v. Healthone, supra.* Specifically, the court did not consider whether Silvern's failure to obtain consent from American Family before settling with Metropolitan was also a proximate cause of Brown's injury. Had Silvern obtained consent from American Family before accepting Metropolitan's settlement offer, assuming such consent was required, Brown may have had a viable claim against American Family (unless his damages were less than the settlement with Metropolitan).

On remand, the trial court must consider whether there was more than one proximate cause of Brown's injury.

## II. Statute of Limitations

Further, we conclude that the summary judgment was inappropriate because at least the statute of limitations issue presents a disputed issue of material fact. The dispute concerns the duration of the parties' attorney-client relationship, which is relevant to the proximate cause analysis. We note that, although the trial court recognized this disputed issue of fact in its order, it did not further address this issue because it determined that Brown's action was entirely barred by the statute of limitations. Because of our conclusion to the contrary discussed above, the fact finder must address this disputed factual issue on remand.

Although Brown presents this argument as an analysis of Silvern's duty of care, other courts addressing this issue have analyzed it in terms of causation. *See Faulkner v. Ensz,* 109 F.3d 474 (8th Cir.1997); *Peters v. Barrett, Twomey, Morris & Broom,* 190 Ill. App.3d 709, 138 Ill.Dec. 44, 546 N.E.2d 1099 (1989). Therefore, we will do likewise.

A plaintiff must prove the existence of an attorney-client relationship in order to prevail on a claim of legal malpractice. *Mehaffy, Rider, Windholz & Wilson v. Central Bank, N.A.,* 892 P.2d 230 (Colo.1995). Conversely, when no attorney-client relationship exists between the plaintiff and the attorney, a court may properly dismiss a legal malpractice action. *Schmidt v. Frankewich,* 819 P.2d 1074 (Colo.App.1991). Further, we agree with the California Supreme Court that "an attorney cannot be held liable for failing to file an action prior to the expiration of the statute of limitations if he ceased to represent the client and was replaced by other counsel before the statute ran on the client's action." *See Steketee v. Lintz, Williams & Rothberg,* 38 Cal.3d 46, 210 Cal. Rptr. 781, 694 P.2d 1153, 1159 (1985).

Here, it is undisputed that in April 1994 Brown obtained his case file from Silvern and that two months later he retained a second attorney. What is disputed is whether an attorney-client relationship remained between Silvern and Brown after Brown took his case file and retained a second attorney.

In his affidavit, Brown stated that Silvern had recommended that he accept the settlement offer from Metropolitan, commenting that although the amount of the settlement was insufficient to compensate him fully for his injuries, Silvern could still file a UIM claim against American Family for additional compensation. According to Brown, he expected Silvern to file a claim on his behalf for UIM benefits from American Family, even after he obtained the only copy of his case file from Silvern.

Silvern refuted Brown's statement in his affidavit. Silvern stated that he did not agree to pursue UIM benefits for Brown, nor did he think that UIM benefits were "within the realm of possibility." Further, he thought Metropolitan's offer was an excellent settlement for Brown. Thus, Silvern did not believe that Brown wanted him to file a claim for UIM benefits.

Each party presented a different version of the facts. Therefore, a disputed issue of material fact exists, and summary judgment was not proper on this issue.

### III. Consent–to–Settle Clause

 On remand, to establish that Silvern's failure to obtain American Family's consent before settling with Metropolitan was a proximate cause of his injury, Brown must show that American Family's consent to-settle clause was enforceable and would have been enforced by American Family. The question whether the consent-to-settle clause was enforceable is determined under the law applicable at the time of the alleged malpractice. *See Jacobson v. Shine,* 859 P.2d 911 (Colo.App.1993)(although relevant statute of limitations had been modified, court applied statute of limitations applicable at the time of the alleged malpractice).

Although they are not dispositive, two recent decisions of Colorado's appellate courts may bear on the enforceability of the consent-to-settle clause in 1992, when this aspect of the alleged malpractice occurred. *Compare Estate of Harry v. Hawkeye–Security Insurance Co.,* 972 P.2d 279 (Colo.App.1998)(valid consent-to-settle clause is enforceable without a showing that an insurer has been prejudiced by an insured's settlement without consent), *with Clementi v. Nationwide Mutual Fire Insurance Co.,* 16 P.3d 223 (Colo.2001)(casting doubt on *Estate of Harry* and applying the notice-prejudice rule to UIM cases).

If Brown can show that the clause is enforceable, based on the law in effect in 1992, and would have been enforced by American Family, then the fact finder may determine whether Silvern's failure to comply with the consent-to-settle clause was a proximate cause of Brown's damages.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge ROTHENBERG and Judge STERNBERG,* concur.