Patricia J. LUTTGEN, Plaintiff–
Appellant,

v.

Erik G. FISCHER, Defendant–Appellee.

No. 03CA1739.

Colorado Court of Appeals,
Division V.

Jan. 13, 2005.

Peggy Stevens & Associates, P.C., Peggy E. Stevens, Lakewood, Colorado, for Plaintiff–Appellant.

Kennedy Christopher Childs & Fogg, P.C., John R. Mann, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge DAILEY.

In this action for legal malpractice, plaintiff, Patricia J. Luttgen, appeals from the summary judgment entered in favor of defendant, Erik G. Fischer. We affirm.

In 1993, Luttgen, a veterinarian, was looking for property to use as a veterinary hospital. To this end, she entered into negotiations with Manatee, Incorporated, Gustav Leitzke, and his wife, Annette Leitzke (collectively, Leitzke), for a lease-purchase agreement with respect to certain property. She intended to lease the property for a certain amount of time and make substantial renovations during that lease period; once the renovations were complete, Luttgen wanted to purchase the property. She and Leitzke reached oral agreement on a lease-purchase arrangement. However, the final documents executed between Luttgen and Leitzke contained only a lease for years and not a purchase option.

Luttgen sought and received legal advice about the Leitzke transaction from Fischer's father, who practiced law separately from Fischer. Fischer's father referred her to Fischer, with whom she maintained an attorney-client relationship from October 1994 until the summer of 1997. She hired a third attorney in January of 1998. Although no written purchase agreement was ever executed, Luttgen stayed on the property, after having substantially renovated it at her own expense, until the lease expired on March 31, 1998.

On March 31, 2000, Luttgen, represented by yet a different attorney, filed suit against Leitzke, asserting claims of breach of contract, breach of warranty, unlawful withholding of her security deposit, unjust enrichment, promissory estoppel, fraud, and negligent misrepresentation. The trial court dismissed her claims for unjust enrichment, promissory estoppel, fraud, and negligent

misrepresentation on statute of limitations grounds. On the same grounds, the court also dismissed that part of Luttgen's breach of contract claim relating to Leitzke's failure to abide by the terms of the oral option agreement. The remaining claims—breach of warranty (use and occupation), breach of contract (lease), and unlawful withholding of her security deposit—were resolved after a trial to a jury. Luttgen was awarded damages on her claims for breach of warranty and unlawful withholding of security deposit.

Subsequently, in December 2001, Luttgen initiated this malpractice action, asserting negligence and breach of fiduciary duty by Fischer because he failed to advise her of the claims against Leitzke and of the limited time within which she had to pursue those claims.

Upon Fischer's motion, the trial court dismissed Luttgen's action, concluding that, as a matter of law, Luttgen could not prevail because she could not show any injury from Fischer's alleged failure to protect her from statute of limitation consequences. The court reached this conclusion by determining that (1) the breach of contract claim with respect to the oral purchase agreement failed as a matter of law, independently of the statute of limitations, because of the statute of frauds or the merger clause in the lease; (2) the claims of unjust enrichment, promissory estoppel, and negligent misrepresentation were likewise independently barred because Luttgen's own statements evidenced a lack of reliance on Leitzke's promises; and (3) Luttgen prevailed on her breach of warranty claim against Leitzke.

On appeal, Luttgen challenges only the dismissal of her negligence, but not her breach of fiduciary duty, claim against Fischer.

### I. General Legal Standards

 To succeed on a legal malpractice claim founded in negligence, a plaintiff must establish that (1) the attorney owed a duty of care to the plaintiff; (2) the attorney breached that duty; and (3) the attorney proximately caused damage to the plaintiff. Establishing causation in a legal malpractice action requires the plaintiff to prove what has been characterized as a "case within a case," that is, the plaintiff must demonstrate that the claim underlying the malpractice action would have been successful if the attorney had acted in accordance with his or her duties. *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 83 (Colo.1999).

The trial court resolved this case on the basis of Luttgen's inability to show damage proximately caused to her by Fischer. On appeal, Luttgen challenges the court's underlying determinations that (1) some of her claims against Leitzke were futile for reasons apart from the statute of limitations; and (2) she prevailed, and thus was not injured, on her remaining claims. The trial court made these determinations in a summary judgment ruling.

We review de novo the trial court's summary judgment ruling. *Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.*, 901 P.2d 1251, 1256 (Colo.1995).

"The purpose of summary judgment is to permit the parties to pierce the formal allegations of the pleadings and save the time and expense connected with trial when, as a matter of law, based on undisputed facts, one party could not prevail." *Peterson v. Halsted*, 829 P.2d 373, 375 (Colo.1992). Because summary judgment is a drastic remedy, however, it is appropriate only where there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1340 (Colo. 1988).

The moving party has the burden of establishing the lack of a genuine issue of material fact. If the moving party does so, the burden then shifts to the nonmoving party to demonstrate that there is a triable issue of material fact. *Quist v. Specialties Supply Co.*, 12 P.3d 863, 868 (Colo.App.2000). If the nonmoving party does not submit evidence, or point the court to particular evidence already of record, to make out a triable issue of material fact, then the moving party is entitled to summary judgment as a matter of law. *See Guar. Bank & Trust Co. v. LaSalle Nat'l Bank*, —— P.3d ——, ——, 2004 WL 2278343 (Colo.App. No. 03CA1309, Oct. 7, 2004); *Walter v. City & County of Denver*, 983 P.2d 88, 90 (Colo.App.1998).

On review of a summary judgment ruling, we do not consider arguments and evidence that were not presented to the trial court. *Timm v. Reitz,* 39 P.3d 1252, 1255 (Colo.App. 2001); *see Bush v. State Farm Mut. Auto. Ins. Co.,* 101 P.3d 1145, 1146 (Colo.App.2004)(appellate court reviews the record and motion in the same manner as the trial court). We view all evidence properly before the trial court in the light most favorable to the nonmoving party, *see Redmond v. Chains, Inc.,* 996 P.2d 759, 762 (Colo.App. 2000), give the nonmoving party the benefit of all favorable inferences that may reasonably be drawn from the evidence, and resolve all doubts as to the existence of a material fact against the moving party. *Schold v. Sawyer,* 944 P.2d 683, 684 (Colo.App.1997).

With these principles in mind, we review the trial court's determinations regarding each of Luttgen's underlying claims against Leitzke.

## II. Breach of Contract on the Purchase Option Agreement

■ Luttgen contends that the trial court erred in determining that her breach of contract claim, with respect to the purchase option agreement, was barred as a matter of law on grounds independent of the statute of limitations defense asserted in the Leitzke case. We disagree.

■ Under the statute of frauds, any contract for the sale of land or interest therein must be expressed in a writing signed by the selling or granting party. Section 38–10–108, C.R.S.2004. Such a contract must identify the parties to the transaction, the terms and conditions, a description of the property, and the consideration. *Schreck v. T & C Sanderson Farms, Inc.,* 37 P.3d 510, 513 (Colo.App.2001). A purchase option agreement with respect to leased property is an irrevocable offer to sell that property to the lessee for a specified consideration and is subject to the statute of frauds. *Boyer v. Karakehian,* 915 P.2d 1295, 1298 (Colo.1996).

There is no dispute that the oral purchase agreement between Luttgen and Leitzke was never reduced to a writing signed by Leitzke. Likewise, Luttgen does not dispute the fact she knew the purchase option itself was not contained in the written lease when she and Leitzke signed it. Accordingly, absent an exception to the application of the statute of frauds, the oral option agreement is void and unenforceable as a matter of law. *See Boyer v. Karakehian, supra.*

Luttgen asserts that her renovation of the property, at her expense, qualified as part performance on the oral purchase agreement, precluding application of the statute of frauds under *A & R Co. v. Union Air Transport, Inc.,* 738 P.2d 73, 74 (Colo.App.1987). Inasmuch as this argument was never presented to the trial court, however, we do not now consider it. *See Timm v. Reitz, supra,* 39 P.3d at 1255 (arguments not presented to the trial court in connection with a motion for summary judgment will not be considered on appeal).

Because Luttgen proffered no exception to the statute of frauds that would allow her to enforce the oral purchase agreement, we, like the trial court, conclude that any breach of contract claim related to that agreement would have failed as a matter of law, independent of any statute of limitations concerns.

Given the manner in which we have resolved this issue, we need not address the trial court's other independent ground upon which this claim would have failed, namely the merger clause contained in the lease.

## III. Other Claims Regarding the Purchase Option Agreement

Luttgen also contends that the trial court erred in determining that her promissory estoppel and negligent misrepresentation claims against Leitzke were also barred, as a matter of law, independent of any statute of limitations consideration. More specifically, she argues that the court erred in finding that she could not have prevailed on those claims because there was no evidence that she relied on Leitzke's promise to sell. We are not persuaded.

A plaintiff must demonstrate justifiable reliance on the acts or statements of another to succeed on claims of promissory estoppel, *Lutfi v. Brighton Community Hosp. Ass'n,* 40 P.3d 51, 59 (Colo.App.2001), and negligent misrepresentation. *See Bedard v. Martin,*

100 P.3d 584, 592 (Colo.App.2004). (We note, in passing, that reliance is also an element of the part performance exception to the statute of frauds mentioned in part II. *See A & R Co. v. Union Air Transport, Inc., supra,* 738 P.2d at 74).

■ Here, Fischer submitted evidence, in the form of Luttgen's trial testimony in the Leitzke case and her deposition in the present case, establishing that Luttgen (1) from the outset believed that the oral purchase agreement was unenforceable; and (2) relied on Fischer's father to make it enforceable by getting it in writing. In response, Luttgen produced an affidavit which she executed two months after her deposition and which directly contradicted the testimony she gave in her deposition and during the Leitzke trial.

Ordinarily a conflict in the evidence creates an issue of fact precluding summary judgment. This would not be the case, however, if the conflicting evidence was, for some valid reason, excluded from consideration.

The sham affidavit doctrine permits a court under certain circumstances to disregard an affidavit submitted by a party in response to a summary judgment motion where that affidavit contradicts the party's previous sworn deposition testimony. *Burns v. Bd. of County Comm'rs,* 330 F.3d 1275, 1282 (10th Cir.2003); *see Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 806, 119 S.Ct. 1597, 1603–04, 143 L.Ed.2d 966 (1999)(party cannot create issue of material fact simply through later sworn statement contradicting previous deposition testimony; party must also explain the contradiction or attempt to resolve the disparity).

The doctrine is applied in all federal courts. *See Cleveland v. Policy Mgmt. Sys. Corp., supra,* 526 U.S. at 806–07, 119 S.Ct. at 1604. It is based on the premise that, had prior deposition testimony been incorrect, the affiant should have corrected the deposition itself under Fed.R.Civ.P. 30(e) (deponent may "review the transcript or recording and, if there are changes in form or substance . . . sign a statement reciting such changes and the reasons given by the deponent for making them"). Having been afforded the opportunity to correct substantively erroneous deposition testimony, a deponent should ordinarily not be allowed to later contradict that

testimony simply to survive summary judgment. *See Burns v. Bd. of County Comm'rs, supra,* 330 F.3d at 1282.

Given the uniformity between the federal and our state rules of procedure, both for depositions and for summary judgment, *compare* Fed.R.Civ.P. 30(e), 56(e) *with* C.R.C.P. 30(e), 56(e), we find persuasive the analysis of the federal courts and adopt the sham affidavit doctrine. *See State v. Buckley Powder Co.,* 945 P.2d 841, 844 (Colo.1997) (interpretations of federal rules are persuasive authority as to identical Colorado rule counterparts).

■ Under that doctrine, in determining whether an affidavit presents a sham issue of fact, we consider "whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Burns v. Bd. of County Com'rs, supra,* 330 F.3d at 1282 (quoting *Franks v. Nimmo,* 796 F.2d 1230, 1237 (10th Cir.1986)).

■ Here, Luttgen's testimony in the Leitzke trial and the deposition in this case unequivocally state that she knew the oral purchase agreement was unenforceable and that she nonetheless signed the lease and occupied and renovated the premises. Luttgen has not claimed that this testimony was the result of confusion on her part or that new facts, supporting a contrary position, have been uncovered. Because she does not provide an explanation for the discrepancy in her testimony, and because none of the factors exist for permitting consideration of a contradictory affidavit, we conclude that Luttgen's affidavit qualifies as a sham affidavit and was properly disregarded by the trial court in rendering summary judgment.

Accordingly, we conclude that the trial court correctly determined that no issue of material fact existed regarding Luttgen's lack of reliance on Leitzke's promise, and thus that, independent of any limitations issue, Luttgen could not have prevailed upon these claims against Leitzke. *See Adamson*

*v. Maddox,* 111 Ga.App. 533, 536, 142 S.E.2d 313, 315 (1965) (reliance on a contract one knows to be unenforceable "is contrary to common sense").

### IV. Unjust Enrichment Claim

Luttgen contends that the trial court erred in determining that her underlying unjust enrichment claim was also barred, as a matter of law, independently of any statute of limitations consideration. More specifically, she argues that the court erred in finding that she could not have prevailed on this claim in any event because there was no evidence that she relied on Leitzke's promise to sell. Although we agree with Luttgen's assertion, we nonetheless conclude that reversal is not warranted.

■ Unlike the claims for promissory estoppel and negligent misrepresentation, a plaintiff need not demonstrate justifiable reliance to succeed on a claim of unjust enrichment. *See Ninth Dist. Prod. Credit Ass'n v. Ed Duggan, Inc.,* 821 P.2d 788, 800 (Colo. 1991).

Because reliance is not an element of an unjust enrichment claim, the court erred in basing this part of its summary judgment ruling on this ground.

Nonetheless, as a matter of law, Luttgen cannot prevail against Fischer for malpractice on the unjust enrichment claim, and thus summary judgment was proper.

■ "[A]n attorney cannot be held liable for failing to file an action prior to the expiration of the statute of limitations if [the attorney] ceased to represent the client and was replaced by other counsel before the statute ran on the client's action." *Brown v. Silvern,* 45 P.3d 749, 752 (Colo.App.2001) (quoting *Steketee v. Lintz, Williams & Rothberg,* 38 Cal.3d 46, 57, 210 Cal.Rptr. 781, 694 P.2d 1153, 1159 (1985)).

A three-year limitations period applies to claims for unjust enrichment. *See* § 13–80–101(1)(a), C.R.S.2004; *Rotenberg v. Richards,* 899 P.2d 365, 368 (Colo.App.1995).

■ Luttgen's unjust enrichment claim against Leitzke was based solely on Luttgen's not having been reimbursed for replacing a door damaged in a fire. As the court in the Leitzke case determined, her cause of action arose in January 1997. The record indisputably establishes that Luttgen ended her attorney-client relationship with Fischer in the summer of 1997 and hired another attorney in January 1998. Inasmuch as nearly two years remained on the limitations period when Luttgen hired replacement counsel, Fischer could not, as a matter of law, be held legally responsible for failing to warn Luttgen of the time limitation for filing an unjust enrichment action. *See Brown v. Silvern, supra,* 45 P.3d at 749; *Steketee v. Lintz, Williams & Rothberg, supra,* 210 Cal. Rptr. 781, 694 P.2d at 1159 (summary judgment proper, where attorney-client relationship was terminated several months before running of statute of limitations).

Accordingly, we conclude, albeit on a ground different from that of the trial court, that Luttgen cannot now succeed on her malpractice action by way of the dismissed unjust enrichment action in the underlying suit. *See Chryar v. Wolf,* 21 P.3d 428, 431 (Colo.App.2000)(a correct result will be upheld upon appeal, even if the reason for the trial court's ruling was erroneous).

To the extent Luttgen now asserts a separate unjust enrichment action was possible for the renovations made to the leased property, she did not raise such a claim before the trial court, and thus we do not now consider it. *See Timm v. Reitz, supra.*

### V. Breach of Warranty Claim

■ Finally, Luttgen contends that the trial court erred in determining, as a matter of law, that she prevailed in the Leitzke trial, and thus suffered no injury from any alleged malpractice by Fischer, with respect to her breach of warranty (use and occupation) claim. Luttgen asserts that she was injured by Fischer's malpractice because her recovery of damages in the Leitzke trial was limited by the application of the statute of limitations. We are not persuaded.

Here, the trial court found that Luttgen (1) offered no evidence that she was limited in her ability to collect damages on her breach of warranty claim; and (2) had been awarded $10,000 of the $10,005 she sought as damages on her breach of warranty and breach of contract claims, and "[a] difference of $5.00 is

too negligible to be construed a loss attributable to [Fischer]."

On appeal, Luttgen asserts that the trial court overlooked (1) her affidavit and that of Leitzke's trial counsel, to the effect that the Leitzke trial court limited damages for the breach of warranty claim to the three years preceding the lawsuit; (2) the Leitzke jury was given an affirmative defense instruction, which stated that Leitzke was not legally responsible to Luttgen if the jury found that Luttgen was or should have been aware of "her claimed damages ... prior to March 31, 1997" and "[t]he damages which gave rise to [this claim] occurred before March 31, 1997"; and (3) both parties in the Leitzke case mentioned in closing argument that the damages on the claim were limited to the time from March 1997 to March 1998.

From this evidence, we agree with Luttgen that the jury *could* have limited Luttgen's damages to a three-year period. Nevertheless, we agree with the trial court's assessment that the record includes no evidence supporting a conclusion that the jury in fact did so.

The limited evidence placed before the trial court does not indicate that the jury limited the time period for recovering damages. The jury awarded Luttgen $10,000 on the breach of warranty claim; this was only $5 less than the damages she identified in the trial management order in connection with both the breach of warranty and breach of contract claims, over the entire span of the lease. Luttgen points to no evidence that would explain this $5 discrepancy based on specific breaches before March 31, 1997.

Hence, as a matter of law, Luttgen was not damaged by Fischer's acts or omissions. Thus, the trial court properly granted summary judgment on this aspect of Luttgen's claim.

Accordingly, the judgment is affirmed.

Judge WEBB and Judge CARPARELLI concur.